■ BETH ZWIRN, Respondent, v BIC CORPORATION, Appellant.—Order, Supreme Court, New York County (Carol Arber, J.), entered March 22, 1991, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, defendant's motion for summary judgment is granted, and the complaint is dismissed, without costs.

Plaintiff commenced a products liability action against the Bic Corporation alleging that she sustained personal injuries when a cigarette lighter she had purchased on May 5, 1986 malfunctioned in such a manner as to cause a flame to shoot out and burn her face and head. The lighter was preserved and later was examined by personnel of the Bic Corporation, a U.S. company based in Milford, Connecticut ("Bic USA"), which is a subsidiary of Societe Bic, S. A., a French Corporation.

Bic USA moved for summary judgment on the ground that the Bic lighter in question was neither distributed nor sold by Bic USA, but was manufactured by Bic Industria Esferografica Brasileria ("Bic Brazil"), a separate and distinct corporation. Defendant's quality control manager attested that the lighter model in question had not been manufactured by Bic USA since at least 1977; that it bore the inscription "Ind. Bros.", which translates as "Made in Brazil", and appears on all lighters manufactured by Bic Brazil; and that the lighter did not bear the inscription "Made in USA", which appears on all lighters manufactured by Bic USA. In addition, defendant's corporate counsel attested that Bic USA and Bic Brazil, although owned 61% and 70% respectively by Societe Bic, S. A., have no connections; that no directors of the board of Bic

USA are on the board of Bic Brazil; and that the two corporations are separate, distinct and autonomous in their legal organization and operations.

Defendant thus demonstrated prima facie that it had neither manufactured nor distributed the subject lighter (Smith v Johnson Prods. Co., 95 AD2d 675). As plaintiff failed to submit evidence that Bic USA manufactured or distributed the lighter, or had any connection with Bic Brazil which would render it legally responsible for injuries caused by the lighter, Bic USA's motion for summary judgment dismissing the complaint should have been granted. Concur—Sullivan, J. P., Carro, Rosenberger, Wallach and Rubin, JJ.