■ GEORGE LARKIN TRUCKING Co. et al., Appellants, v LISBON TIRE MART, INC., et al., Respondents.—Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Plaintiffs' complaint al-

leges causes of action sounding in negligence, strict products liability and breach of warranty, and seeks recovery for damage caused to plaintiffs' truck engines by contaminated oil allegedly sold by defendants and for the resulting economic loss. In granting summary judgment to defendants, the court adopted their argument that plaintiffs had not shown that defendants were "responsible" for contaminating the oil. Plaintiffs appeal.

On a motion for summary judgment, the initial burden is on the moving party to demonstrate, by submission of evidentiary material in admissible form, that the movant is entitled to judgment as a matter of law *(Zuckerman v City of New York,* 49 NY2d 557, 562). Only if the moving party sustains its initial burden does the burden shift to the opposing party to "show facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067). Supreme Court ignored those well-established principles by finding that plaintiffs' proof was insufficient without first considering whether defendants had sustained their initial burden in support of the motion.

We conclude that defendants did not carry their threshold burden. Defendants did not demonstrate that they did not sell defective oil. Further, defendant Lisbon failed to show that it was free from negligence in the manner in which it handled the oil and placed it in the reconditioned containers. Defendants purported to show merely that plaintiffs could not conclusively identify the source of contamination. As a general rule, a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's proof, but must affirmatively demonstrate the merit of its claim or defense.

Even if defendants had met their burden on the motion, we would conclude that plaintiffs' showing in opposition was sufficient to defeat summary judgment on the products liability and warranty claims. Plaintiffs demonstrated facts from which it could be inferred that the oil was tainted when Lisbon sold it to Zimmer. The uncontroverted proof was that the drums were sealed when Lisbon transferred them to Zimmer, and that they remained sealed while in Zimmer's possession. Plaintiffs showed that Zimmer delivered the oil directly to plaintiffs' business, where it remained sealed until placed in plaintiffs' trucks. Plaintiffs affirmatively demonstrated that they were not responsible for contaminating the oil by showing the regularity of their oil changing procedures.

The proof in support of plaintiffs' negligence claim is some-

what more speculative, but nevertheless gives rise to an inference that Lisbon was at fault in handling the oil. We particularly note that only one of the drums purchased by plaintiffs was contaminated, an unlikely circumstance if the oil had been contaminated at some earlier point in the distribution process. Thus, we conclude that plaintiffs raised a triable question of fact on the issue of Lisbon's negligence. (Appeal from Order of Supreme Court, Cayuga County, Contiguglia, J.—Summary Judgment.) Present—Denman, P. J., Boomer, Pine, Balio and Fallon, JJ.