■ GAETANO MARZOTTO & FIGLI S.P.A., Respondent, v FI-LENE'S BASEMENT, INC., Appellant. [624 NYS2d 625] —In an action to recover payment for goods sold and delivered, and to recover upon an account stated, the defendant appeals from a judgment of the Supreme Court, Nassau County (Kutner, J.), entered September 16, 1993, which, upon an order of the same court, entered August 4, 1993, granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against it in the principal sum of $40,013.15.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the order is vacated, and the plaintiff's motion for summary judgment is denied.

It is well settled that " '[i]n a motion for summary judgment, the moving party has the burden of setting forth evidentiary facts to establish [its] cause [of action] sufficiently to entitle [it] to judgment as a matter of law [and] anything [less] requires a denial of the motion even where the opposing papers are insufficient' " *(Avon Elec. Supplies v Baywood Elec. Corp.,* 200 AD2d 697, 698; *County Oil Co. v Bayview Owners Corp.,* 181 AD2d 809; *see also, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). Upon our review of the record, we find that the plaintiff failed to meet its initial burden because its documentary evidence does not prove that all of the subject merchandise was actually delivered to the defendant. Significantly, although the plaintiff's general manager averred that its invoices were delivered with each of its shipments, there is no indication that the plaintiff's general manager had any personal knowledge of the transactions, and the plaintiff was unable to produce receipts establishing delivery of the two shipments which the defendant allegedly did not receive *(see, Crocker Commercial Servs. v Safdie,* 111 AD2d 34). We further

note that the documentary evidence submitted by both parties reveals an issue of fact regarding the contract price for the goods. Under these circumstances, the plaintiff's motion for summary judgment should be denied *(see, Thorpe Elec. Supply v Shannon,* 124 AD2d 321). Sullivan, J. P., Copertino, Hart and Krausman, JJ., concur.