■ Joseph Pangallo, Respondent, v Mitsubishi International Corp. et al., Appellants, et al., Defendants. (And a Third-Party Action.) [632 NYS2d 647] —In an action to recover damages for personal injuries, the defendants Mitsubishi International Corp. and Mitsubishi Heavy Industries, America, Inc., appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated June 8, 1994, which denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the defendants Mitsubishi International Corp. and Mitsubishi Heavy Industries, America, Inc., and the action is severed as to the remaining defendants.

The plaintiff suffered injuries as the result of the alleged malfunction of a forklift. He then commenced the instant ac-

tion to recover damages against four defendants, including Mitsubishi International Corp. (hereinafter MIC), and Mitsubishi Heavy Industries, America, Inc. (hereinafter MHIA).

In support of their motion for summary judgment, MIC and MHIA made a prima facie showing that they were entitled to judgment as a matter of law. Specifically, they submitted (1) deposition testimony and an affidavit from the Corporate Secretary of MHIA which indicated that MHIA did not design, manufacture, import, sell, distribute, or deal in any way with forklifts generally or the subject forklift in particular, and (2) an affidavit to the same effect with respect to MIC from the Executive Vice President of that corporation *(see, Porter v LSB Indus.,* 192 AD2d 205; *Smith v City of New York,* 133 AD2d 818).

The plaintiff's opposition to this probative evidence consisted solely of a photograph of a plate affixed to the forklift. The plate reads: "[Defendant] MACHINERY DISTRIBUTION, INC. [hereinafter MDI], a subsidiary of [Defendant] MITSUBISHI INTERNATIONAL CORP. [MIC]". Indeed, MIC conceded that it was a minority shareholder in MDI. Nevertheless, MHIA's name is not on the plate at all, and that MDI is named on the plate as a subsidiary of MIC is insufficient, standing alone, to create an issue of fact as to MIC's liability *(see, Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152, 163; *Zwirn v Bic Corp.,* 181 AD2d 574).

Accordingly, the motion of MHIA and MIC for summary judgment dismissing the complaint insofar as it is asserted against them must be granted. Mangano, P. J., Miller, Santucci and Hart, JJ., concur.