■ JEANNIE PACE et al., Appellants, v INTERNATIONAL BUSINESS MACHINES CORPORATION et al., Respondents. [670 NYS2d 543] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered January 15, 1997, which granted the separate motions of the defendants International Business Machines Corporation and Leading Edge Products, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion of the defendant Leading Edge Products, Inc., is denied, and the matter is remitted to the Supreme Court, Westchester County, for reconsideration of the motion of the defendant International Business Machines Corporation for summary judgment dismissing the complaint insofar as asserted against it in light of *Blanco v American Tel. & Tel. Co.* (90 NY2d 757).

The Supreme Court granted the motion of the defendant International Business Machines Corporation (hereinafter

IBM) for summary judgment dismissing the complaint insofar as asserted against it on the ground that it was barred by the Statute of Limitations, finding that the injured plaintiff's cause of action to recover damages for her alleged repetitive stress injury (hereinafter RSI) accrued on the date that she first used the IBM keyboard in 1987, more than three years before the commencement of the action in 1993. In reaching its decision, the court relied upon, *inter alia, Blanco v American Tel. & Tel. Co.* (223 AD2d 156).

While this appeal was pending, the Court of Appeals decided, in *Blanco v American Tel. & Tel. Co.* (90 NY2d 757, *supra),* that the accrual of a cause of action for RSI is either the date of the onset of the symptoms of RSI, or the date of last use of the alleged injury-producing device, whichever is earlier. Here, while it is known that the injured plaintiff last used the IBM keyboard in 1991, the date of the onset of her symptoms is not established in the record before us, and therefore, whether the onset of the symptoms was earlier than the date of last use cannot be determined. Under these circumstances, the matter is remitted to the Supreme Court, Westchester County, to reconsider IBM's motion in light of *Blanco v American Tel. & Tel. Co. (supra).*

The court granted the separate motion of the defendant Leading Edge Products, Inc. (hereinafter Leading Edge) for summary judgment insofar as asserted against it, on the ground that the plaintiff had presented no evidence that her alleged injuries had been separately caused, in whole or in part, by her use of that defendant's keyboard from 1991 to 1992, after she had stopped using the IBM keyboard. Leading Edge, however, did not make out a prima facie showing of entitlement to judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851), as it failed to demonstrate that the injured plaintiff had not sustained a "patently separable injury" attributable to her use of its keyboard (*see, Blanco v American Tel. & Tel. Co., supra).* Leading Edge claimed merely that the injured plaintiff had not demonstrated that her injuries were in any manner separately caused in whole or part by use of its keyboard. "As a general rule, a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's proof, but must affirmatively demonstrate the merit of its claim or defense" (*Larkin Trucking Co. v Lisbon Tire Mart,* 185 AD2d 614, 615). Accordingly, Leading Edge's motion for summary judgment should have been denied. O'Brien, J. P., Thompson, Friedmann and Goldstein, JJ., concur.