■ ROGER B. SMITH, Respondent, v AT&T RESOURCE MANAGEMENT CORPORATION et al., Defendants and Third-Party Plaintiffs, et al., Defendant, and ACCESS RENTALS, INC., Appellant. CREST STEEL, INC., et al., Third-Party Defendants. (And

Other Third-Party Actions.) [686 NYS2d 95] —In an action, *inter alia*, to recover damages for personal injuries based upon strict products liability, the defendant Access Rentals, Inc., appeals from so much of an order of the Supreme Court, Kings County (Jones, J.), dated July 6, 1998, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

As the party seeking summary judgment, the defendant Access Rentals, Inc., had the initial burden of establishing its defense sufficiently to warrant an award of summary judgment in its favor as a matter of law (*see, Antonucci v Emeco Indus.*, 223 AD2d 913; *Rosen v Intermedics, Inc.*, 203 AD2d 271; *Narciso v Ford Motor Co.*, 137 AD2d 508). The affidavit of the appellant's employee who examined the machine in question was inconclusive in that it failed to make a prima facie showing that the machine was not defective at the time it left the appellant's hands (*see, Narciso v Ford Motor Co., supra*; *Porter v Uniroyal Goodrich Tire Co.*, 224 AD2d 674). Under the circumstances, the trial court properly determined that the plaintiff could rely upon the inference of a defect raised by the alleged failure of the machine to function as intended or expected (*see, Winckel v Atlantic Rentals & Sales*, 159 AD2d 124). O'Brien, J. P., Sullivan, Joy and Krausman, JJ., concur.