OPINION OF THE COURT
James D. Pagones, S.
This petition by Casey A. Cagney and Jonathan J. Cagney (hereinafter petitioners/respondents) for a decree pursuant to SCPA 2102 (4) and (7) and EPTL 11-1.5 (c), (d) and (e) directing payment to them of a legacy with interest at the rate set forth in CPLR 5004; motion by the executors under the last will of Frances Cagney for an order pursuant to CPLR 3212 granting them summary judgment dismissing the petition filed by petitioners/respondents; and cross motion by petitioners/ *761 respondents for (1) an order pursuant to CPLR 3212 granting them summary judgment for the relief requested in the petition and dismissing the executors’ counterclaim, and (2) an order pursuant to 22 NYCRR 130-1.2 awarding costs, including attorneys’ fees, to petitioners/respondents, are resolved as follows.
Motion by the executors dismissing the petition in chief granted. Petition dismissed with prejudice. .Cross motion granted to the extent that the executors’ counterclaim seeking attorneys’ fees, costs and sanctions dismissed. The cross motion is in all other respects denied.
The court is presented with a unique issue in these competing summary judgment motions. It is whether the decedent’s in terrorem clause set forth in paragraph ninth of her will, dated November 28, 1989, was activated as a result of the petitioners/respondents engaging in (1) an examination pursuant to SCPA 1404, and (2) litigation which emanated from it, thereby entitling the executors to the relief they now seek. The uncontroverted facts allow for an affirmative answer to the question as will be more fully developed.
Background
The controversy under consideration is traceable to the death of the actor James F. Cagney. He died a resident of Dutchess County on March 30, 1986. Mr. Cagney left a will which was offered for probate on or about April 18, 1986. The only parties to contest its probate were the petitioners/respondents. A guardian ad litem was appointed to represent their interests inasmuch as they were infants at the time.
The guardian ad litem negotiated a court-supervised settlement which was placed on the record on December 18, 1986. The salient terms of settlement included an agreement by the guardian ad litem to refrain from filing objections to the will of James F. Cagney and to similarly forego the petitioners/ respondents’ right to contest estate proceedings following the death of Frances Cagney. In return Frances Cagney agreed that petitioners/respondents would each receive a one-sixth interest in irrevocable trusts which were eventually created pursuant to the settlement agreement.
Frances Cagney died a resident of Dutchess County on October 10, 1994 leaving a will, dated November 28, 1989. It consists of 26 typewritten pages. The petitioners/respondents are each bequeathed the sum of $25,000 in paragraph fourth of the will.
*762 Paragraph ninth contains an in terrorem clause which reads as follows:
“ninth: in terrorem clause. A. If any beneficiary under this Will, or any Codicil hereto, shall, in any manner, directly or indirectly, attempt to contest or oppose the probate or validity of this Will, any Codicil hereto, the Frances Cagney Revocable Trust Agreement, or any provision hereof or thereof, or the exercise during my lifetime of any power of appointment, withdrawal, amendment or revocation with respect to any trust, in any court or commence or prosecute any legal proceeding of any kind to set aside or nullify this will, any Codicil hereto, the Frances Cagney Revocable Trust Agreement, or any provision hereof or thereof, or the exercising during my lifetime of any power of appointment, withdrawal, amendment or revocation with respect to any trust, then and in that event such beneficiary and all of his or her issue shall forfeit any right or interest whatsoever under this Will, or under any Codicil hereto, or any portion of my estate and, in such event, I hereby direct that my property and estate shall be disposed of in all respects as if such beneficiary and all of his or her issue had predeceased me.
“B. I have intentionally omitted any further provision received for my issue under this Will because they have already received substantial amounts as gifts from me and my late husband during our lifetime and as a result of the challenge to my late husband’s Will.”
Counsel for petitioner/respondent Casey Ann Cagney undertook an examination of one of the attesting witnesses pursuant to SCPA 1404 on February 16, 1995. A guardian ad litem was appointed for petitioner/respondent Jonathan James Cagney since he was still a minor at the time.
The executors moved for issuance of letters testamentary on June 1, 1995 on the basis that petitioners/respondents relinquished any right they might have to contest or oppose Frances Cagney’s will by virtue of the plenary settlement, dated December 18, 1986. Petitioners/respondents opposed that motion.
My predecessor issued a decision and order, dated September 9, 1995, denying the executors’ motion “without prejudice to renewal upon completion of discovery.” The decision and order directed that further discovery occur.
*763 The Supreme Court, Appellate Division, Second Judicial Department, issued a stay of the decision and order, and on October 15, 1996 reversed it in its entirety. The Appellate Division determined that petitioners/respondents ceded their right to contest the will of their grandmother in the 1986 settlement agreement. Its decision and order concludes with a finding that “The settlement agreement, entered into on the record before the Surrogate, is enforceable and bars the grandchildren’s objections in this proceeding.” (Matter of Cagney, 232 AD2d 481, 482.) Letters testamentary were issued to the executors on November 7, 1996.
Petitioners/respondents moved for leave to appeal to the Court of Appeals. On February 6, 1997 leave to appeal was denied.
The petition to compel payment of the cash legacies was filed on September 27, 2000. The executors responded by filing their motion for summary judgment along with a verified answer with three afiirmative defenses and one counterclaim seeking sanctions. The petitioners/respondents thereafter filed a cross motion for summary judgment and sanctions together with a verified answer to the counterclaim. .
Legal Arguments
The executors maintain that the decision and order of the Appellate Division, Second Judicial Department, disposed of the question whether the petitioners/respondents waived their right to file objections to probate of the will of Frances Cagney based upon the settlement agreement entered into on December 18, 1986. By ruling in favor of the executors’ position that such a waiver occurred, the executors assert that the in terrorem clause was activated when the petitioners/respondents engaged in preobjection discovery through the SCPA 1404 examination and the litigation which followed. The petitioners/respondents urge that their conduct in seeking an oral deposition pursuant to SCPA 1404 falls within the exception set forth in EPTL 3-3.5 (b) (3) (D). Their other argument is premised upon the fact that they are identified as “distributees” of Frances Cagney in paragraph 6 (a) of the probate petition verified October 26, 1994, rather than “beneficiary,” the word used in that paragraph.
Discussion
I have taken judicial notice of undisputed portions of the court’s files maintained for the estates of James F. Cagney (file *764 No. 77097/86) and Frances Cagney (file No. 84956/94) (see, Ptasznik v Schultz, 247 AD2d 197, 199 [2d Dept 1998]), such as the stipulation of settlement in the estate of James Cagney, dated December 18, 1986, the decision and order of the Appellate Division, Second Judicial Department, dated October 15, 1996 (232 AD2d 481, supra) and the Court of Appeals decision denying the petitioners/respondents’ motion for leave to appeal (89 NY2d 807 [1997]).
The party seeking summary judgment “must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case.” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985].) “Failure to make such [an initial] showing requires denial of the motion, regardless of the sufficiency of the opposing papers.” (Winegrad, supra, at 853.)
“As a general rule, a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent’s proof, but must affirmatively demonstrate the merit of its claim or defense.” (Larkin Trucking Co. v Lisbon Tire Mart, 185 AD2d 614, 615 [4th Dept 1992].)
Once the initial showing is met, the burden shifts to the party opposing the motion to lay bare its evidentiary proof in admissible form in order to show that such allegations are capable of being established at a trial. (Albouyeh v County of Suffolk, 96 AD2d 543 [2d Dept 1983], affd 62 NY2d 681 [1984].)
A verified answer with or without affirmative defenses or counterclaims, in and of itself, does not create an issue of fact requiring plenary trial. (Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338, 343 [1974].)
The executors’ submission consists of the affidavit of Lillian S. Weigert, Esq., who provides acceptable attachments which provide the requisite evidentiary proof in admissible form to support their position. (Zuckerman v City of New York, 49 NY2d 557, 563.) One of the executors and an attorney with personal knowledge of relevant facts have filed affidavits ratifying the factual recitation of attorney Weigert.
The petitioners/respondents’ cross motion is supported only by an attorney’s affidavit with two exhibits, none of which, individually or collectively, is. sufficient to either withstand the executors’ summary judgment motion or sustain their own.
The record is clear that the petitioners/respondents engaged in material and protracted litigation over the issue of their right to file objections to probate of their grandmother’s will at *765 the trial court and appellate levels, even to this State’s highest Court. Their conduct far exceeded what is permitted by EPTL 3-3.5 (b) (3) (D). The legislative intent in enacting the cited EPTL section was to permit preliminary (preobjection) discovery pursuant to SCPA 1404 (4) “in order to avoid or minimize meritless, destructive litigation.” (Matter of Ellis, 252 AD2d 118, 131 [2d Dept 1998].) Here, the decision and order of the Appellate Division, Second Judicial Department, unequivocally determined that petitioners/respondents completely gave up their rights to contest their grandmother’s will by virtue of the 1986 settlement agreement. Therefore, the petitioners/ respondents were absolutely precluded from initiating any proceeding which could be construed as potentially forming the basis of filing any objections since they had no standing to do so anymore. Had they withdrawn their SCPA 1404 demand and acquiesced to the executors’ motion for the immediate issuance of letters testamentary an argument could have been made that the in terrorem clause was not invoked due to their cooperation once the motion was served. They chose, instead, to unsuccessfully litigate the issue to our State’s highest Court.
The executors could not ignore the biological fact that petitioners/respondents are distributees of the decedent as defined by SCPA 103 (14) and EPTL 1-2.5. They are also legatees as defined by SCPA 103 (33).
Paragraph (6) (a) of the probate petition identifies petitioners/ respondents in their capacity as distributees as well as legatees pursuant to article fourth of the decedent’s will.
SCPA 1403 (a) requires process to issue to “[t]he distributees of the testator.” The probate petition shall include the names and post office addresses “of all of the persons required to be cited and all of the legatees, devisees and fiduciaries named in the will or any other will so filed.” (SCPA 1402 [2].) The purpose in identifying petitioners/respondents as distributees and legatees was to comply with the mandatory language of the SCPA so that the court would know the identity of the beneficiaries named in decedent’s will and her lawful heirs for descent and distribution purposes (EPTL 4-1.1) in the event of a failed probate.
The petitioners/respondents were barred as a matter of law from challenging the validity of their grandmother’s will by the 1986 settlement agreement. The in terrorem clause in paragraph ninth of the decedent’s will was prompted once the petitioners/respondents engaged in concerted legal proceedings in response to the executors’ motion for issuance of letters *766 testamentary rather than voluntarily withdrawing from any further preobjection discovery.
22 NYCRR 130-1.1 permits this court to award costs and to impose sanctions against any party or attorney who engages in frivolous conduct. 22 NYCRR 130-1.1 (c) provides that conduct is frivolous if:
“(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
“(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or
“(3) it asserts material factual statements that are false.”
None of the cited examples of sanctionable conduct applies here. The issue decided today is novel. It is one of law and requires careful consideration. There is a difference between conduct which is shallow in nature and bereft of merit versus contentious legal proceedings based upon discordant legal interpretations.