■ EDWARD RUSSELL, Respondent, v KRAFT, INC., Defendant and Third-Party Plaintiff-Appellant. FRUIT SALAD, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. (And Another Title.) [726 NYS2d 290] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals, as limited by its brief, from so much of an or-

der of the Supreme Court, Nassau County (Winick, J.), dated March 21, 2000, as denied its motion for summary judgment dismissing the complaint and granted the motion of the third-party defendant Fruit Salad, Inc., for summary judgment dismissing the third-party complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Contrary to the appellant's contentions, it did not meet its burden of establishing, as a matter of law, that it did not manufacture and/or supply the allegedly defective jar that caused the plaintiff's injuries, as it merely pointed to gaps in the plaintiff's proof (see, Pace v International Bus. Mach. Corp., 248 AD2d 690).

However, the third-party defendant Fruit Salad, Inc., met its burden by demonstrating, as a matter of law, that it did not supply the subject jar. The appellant did not adduce evidence in admissible form sufficient to raise an issue of fact to defeat that showing. Thus, the Supreme Court properly denied the appellant's motion for summary judgment dismissing the complaint and granted the motion of Fruit Salad, Inc., for summary judgment dismissing the third-party complaint insofar as asserted against it. Ritter, J. P., S. Miller, Friedmann and Crane, JJ., concur.