■ MICHAEL O. DODGE et al., Respondents-Appellants, v CITY OF HORNELL INDUSTRIAL DEVELOPMENT AGENCY, Appellant-

Respondent. [730 NYS2d 902] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Michael O. Dodge (plaintiff) was employed as a security guard by Morrison-Knudsen Co., Inc. (Morrison-Knudsen), which operated a factory in a building that it leased from defendant. It is undisputed that Morrison-Knudsen was the sole tenant of the factory building, and thus defendant was not the owner of a tenant-factory building within the meaning of article 11 of the Labor Law (*see, Steinkohl v Brookman Realty Corp.*, 184 Misc 506, 508, *affd sub nom. Steinkohl v Dorsch*, 271 App Div 996, *affd* 297 NY 683; *see also, Weiss v City of New York*, 95 NY2d 1, 5-6; *McAndrew v 5905 Broadway Realty Corp.*, 282 App Div 757). Supreme Court therefore erred in denying that part of defendant's motion seeking summary judgment dismissing the claims based on that article, and we modify the order accordingly.

Contrary to the contention of defendant, the court properly denied that part of its motion seeking summary judgment dismissing the remainder of the complaint. In support thereof, defendant contended that plaintiff would be unable to prove negligence or causation because plaintiff could not remember the accident. It is well established, however, that "[a] moving party must affirmatively [demonstrate] the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof" (*Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980; *see, Frank v Price Chopper Operating Co.*, 275 AD2d 940, 941). Defendant failed to establish as a matter of law that it was not negligent (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853) or that any alleged negligence was not a proximate cause of plaintiff's injuries (*see, Kanney v Goodyear Tire & Rubber Co.*, 245 AD2d 1034, 1036; *Brennan v Carriage House Motor Cars*, 224 AD2d 204, 205) and thus failed to meet its initial burden of proof on the motion with respect to the remainder of the complaint. (Appeals from Order of Supreme Court, Steuben County, Bradstreet, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Pine, Scudder and Lawton, JJ.