■ DOUGLAS L. FROMME et al., Respondents, v MONISE LAMOUR, Appellant. [738 NYS2d 863] —In an action, inter alia, for a judgment declaring the parties' rights concerning a $10,000 escrow deposit being held by the plaintiff Douglas L. Fromme, under a contract for the sale of real property, the defendant purchaser appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated April 27, 2001, which granted the plaintiffs' motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

"As a general rule, a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's proof, but must affirmatively demonstrate the merit of its claim or defense" (*George Larkin Trucking Co. v Lisbon Tire Mart,* 185 AD2d 614, 615; *see, Dodge v City of Hornell Indus. Dev. Agency,* 286 AD2d 902; *Russell v Kraft, Inc.,* 284 AD2d 386; *Pace v International Bus. Mach. Corp.,* 248 AD2d 690, 691; *Antonucci v Emeco Indus.,* 223 AD2d 913). The plaintiffs failed to demonstrate their prima facie entitlement to judgment as a matter of law. Moreover, the documentary evidence in the record, including the two irreconcilable mortgage application denial notices, raises an issue of fact as to whether the defendant buyer made a good faith, albeit unsuccessful, effort to secure a mortgage. Feuerstein, J.P., Krausman, Schmidt and Cozier, JJ., concur.