■ PETER DALTON, as Parent and Natural Guardian of BRIAN M. DALTON, an Infant, Respondent, v EDUCATIONAL TESTING SERVICE, Appellant. [742 NYS2d 364] —In an action, inter alia, to recover damages for breach of contract, the defendant appeals from (1) so much of an order of the Supreme Court, Queens County (Milano, J.), dated April 16, 2001, as denied that branch of its motion for summary judgment which was to dismiss the complaint on the ground that the plaintiff sustained no compensable contract damages, and (2) so much of an order of the same court, dated October 30, 2001, as, upon renewal, adhered to the original determination.

Ordered that the appeal from the order dated April 16, 2001, is dismissed, as that order was superseded by the order dated October 30, 2001, made upon renewal; and it is further,

Ordered that the order dated October 30, 2001, is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing so much of the complaint as sought to recover college tuition and other education related expenses borne by the plaintiff's father, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated October 30, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The underlying facts of this case are set forth in *Dalton v Educational Testing Serv.* (155 Misc 2d 214, *affd* 206 AD2d 402, *mod* 87 NY2d 384). As a result of the Court of Appeals' directive that the defendant, Educational Testing Service (hereinafter ETS), perform a good faith reconsideration of the plaintiff's evidence refuting its conclusion that his November 1991 Scholastic Aptitude Test (hereinafter SAT) score was invalid, ETS did reevaluate the matter and upheld its conclusion. ETS then moved for summary judgment, arguing, inter alia, that it had thus performed all of its contractual obligations and that the plaintiff had sustained no compensable contract damages. The Supreme Court denied that branch of the motion, and adhered to this determination upon renewal.

As the party seeking summary judgment, ETS had the burden of demonstrating its entitlement thereto as a matter of law (*see Smith v AT&T Resource Mgt. Corp.*, 259 AD2d 480). Anything less required the denial of the motion (*see Gaetano Marzotto & Figli v Filene's Basement*, 213 AD2d 591; *Avon Elec. Supplies v Baywood Elec. Corp.*, 200 AD2d 697). "As a general rule, a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's proof, but must affirmatively demonstrate the merit of its claim or defense" (*Pace v International Bus. Mach. Corp.*, 248 AD2d 690, 691, quoting *Larkin Trucking Co. v Lisbon Tire Mart*, 185 AD2d 614, 615; *see Dodge v City of Hornell Indus. Dev. Agency*, 286 AD2d 902; *Russell v Kraft*, 284 AD2d 386; *Antonucci v Emeco Indus.*, 223 AD2d 913). In the main, ETS failed to carry its burden.

The plaintiff's second cause of action alleged that the arbitrary and capricious refusal of ETS to release his improved SAT score cost him educational and employment opportunities. His third cause of action alleged that he lost out on academic and athletic scholarships. ETS offered no evidence to disprove these claims as a matter of law. ETS contends that because it reconsidered the plaintiff's challenge and upheld its prior decision, the plaintiff suffered no damages. However, as the proponent of a motion for summary judgment, ETS bore the burden of proving, inter alia, that its reconsideration of the plaintiff's challenge was in good faith and did satisfy its contractual obligations. Put another way, ETS cannot prove that the plaintiff sustained no damages *unless* it proves that it treated him fairly the second time around. ETS offered no proof on this matter and we are not bound to simply accept the potentially self-serving and unsupported argument of ETS that it satisfied its contractual duties. Therefore, the Supreme Court correctly denied the ETS motion to this extent.

The Supreme Court did err, however, in denying that branch of the ETS motion which was for summary judgment dismissing the plaintiff's causes of action to recover education related expenses borne by the plaintiff's father. Assuming that ETS did not fulfill its contractual obligations, the plaintiff's education expenses were borne by his father with no expectation of repayment. The plaintiff failed to demonstrate the existence of a genuine issue of fact in opposition to the prima facie case for summary judgment on this issue. Thus, the plaintiff personally sustained no increased education expenses for which ETS could be liable.

The remaining contentions of ETS are without merit. Florio, J.P., S. Miller, Schmidt and Cozier, JJ., concur.