■ HEATHER PESKIN, Respondent, v NEW YORK CITY TRAN-
SIT AUTHORITY, Appellant. [757 NYS2d 594] —In an action to re-
cover damages for age discrimination, the defendant appeals
from an order of the Supreme Court, Kings County (Hutcher-
son, J.), dated April 11, 2002, which denied its motion for sum-
mary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The general standards regarding the parties' respective
burdens of proof on a motion for summary judgment are ap-
plicable in an age discrimination case (*see Ferrante v American
Lung Assn.,* 90 NY2d 623, 629-31 [1997]). As the party seeking
summary judgment, the appellant has the burden of demon-
strating its entitlement thereto as a matter of law (*see Smith v
AT&T Resource Mgt. Corp.,* 259 AD2d 480 [1999]). Anything
less requires the denial of its motion (*see Gaetano Marzotto &
Figli v Filene's Basement,* 213 AD2d 591 [1995]). Moreover,
" '[a]s a general rule, a party does not carry its burden in mov-
ing for summary judgment by pointing to gaps in its opponent's
proof, but must affirmatively demonstrate the merit of its claim
or defense' " (*Pace v International Bus. Mach. Corp.,* 248 AD2d
690, 691 [1998], quoting *Larkin Trucking Co. v Lisbon Tire
Mart,* 185 AD2d 614, 615 [1992]; *see Dalton v Educational
Testing Serv.,* 294 AD2d 462, 463 [2002]). In accordance with
these rules, the appellant's motion was properly denied.

The plaintiff pleaded a cognizable claim of age discrimination.
The plaintiff alleged that in accordance with the appellant's
hiring policy, upon the commencement of her civil service
employment with the appellant, she was denied a starting sal-
ary increase above her former civil service salary with a differ-
ent New York City government agency. She further alleged
that other, younger, comparable employees did receive in-
creased starting salaries above the salaries they earned in
their prior New York City government civil service positions
(*see Matter of Classic Coach v Mercado,* 280 AD2d 164, 170
[2001])..

In support of its motion for summary judgment dismissing
the complaint, the appellant offered specific evidence as to only
two comparable employees, younger than the plaintiff, both of
whom *did* receive raises upon commencement of employment.
Although the appellant contended that one such comparable
employee deserved a higher starting salary due to his experi-
ence, it failed to offer any proof as to why the other comparable
associate staff analyst received an increase in contravention of
the alleged no-raise policy; the plaintiff subsequently received
a retroactive increase to achieve parity with this employee.

Furthermore, the appellant failed to offer any evidence as to alleged disparate treatment between the plaintiff and other younger employees who allegedly received starting salary increases denied to the plaintiff. Accordingly, since the appellant failed to demonstrate its prima facie entitlement to summary judgment, its motion was properly denied. Florio, J.P., S. Miller, Crane and Rivera, JJ., concur.