■ JANE DOE et al., Appellants, v ORANGE-ULSTER BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Respondents. [771 NYS2d 389]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), entered August 26, 2002, as, upon granting the defendants' motion for summary judgment, dismissed their first, second, third, fourth, and sixth causes of action.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the first, second, third, fourth, and sixth causes of action of the complaint are reinstated.

The plaintiff John Doe is a mentally-retarded young adult, born February 19, 1975, whose full-scale IQ, as of 1991, was 53. To meet his educational needs, in the mid-1980s, John Doe was enrolled in a school program operated by the defendant Orange-Ulster Board of Cooperative Educational Services (hereinafter O/U BOCES) in Goshen. James Sisco, a nonparty to this action, was employed by O/U BOCES during this period as a clerk in its shipping and receiving department. At undetermined times,

possibly beginning as early as 1991, John Doe was allegedly sexually abused by Sisco. In particular, beginning in the summer of 1993, John Doe worked with Sisco, unsupervised, two days per week in O/U BOCES's shipping and receiving department, where much of the abuse allegedly occurred. Sisco also allegedly provided John Doe with marijuana. John Doe revealed the abuse to his mother, the plaintiff Jane Doe, in July 1995. Sisco was subsequently arrested and charged with six counts of sodomy in the third degree, sexual abuse in the second degree, and endangering the welfare of an incompetent person. Sisco reportedly later pleaded guilty to two counts of sexual abuse.

The plaintiffs commenced this action, inter alia, to recover damages for personal injuries, alleging that the defendants were liable for Sisco's alleged sexual abuse of John Doe. The complaint asserted numerous causes of action against O/U BOCES and the individual defendants, including negligent hiring, entrustment, and supervision. The defendants moved for summary judgment contending, among other things that they had no prior notice of any wrongdoing or impropriety by Sisco which would render them liable for his allegedly unforeseeable superseding criminal conduct. The Supreme Court granted the defendants' motion. We reverse.

Schools owe a duty to adequately supervise the students in their charge, and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302, 306 [1965]). Schools are not insurers of safety as they cannot reasonably be expected to continuously supervise and control all movements and activities of students (*see Mirand v City of New York, supra* at 49). Rather, a school owes its students such care as a parent of ordinary prudence would observe in comparable circumstances (*David v County of Suffolk*, 1 NY3d 525 [2003]; *Mirand v City of New York, supra* at 49; *Hoose v Drumm*, 281 NY 54, 57-58 [1939]).

As the parties seeking summary judgment, the defendants had the affirmative burden of demonstrating their entitlement thereto as a matter of law (*see Sutherland v Whylie*, 292 AD2d 518 [2002]; *Smith v AT&T Resource Mgt. Corp.*, 259 AD2d 480 [1999]). Where a moving party fails to carry its burden, its motion should be denied without regard to the adequacy of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Cincotta v City of New York*, 292 AD2d 558, 559 [2002]). Most significantly, "[a]s a general rule, a party does not meet its burden in moving for summary judgment by point-

ing to gaps in its opponent's proof, but must affirmatively demonstrate the merit of its claim or defense" (*Larkin Trucking Co. v Lisbon Tire Mart,* 185 AD2d 614, 615 [1992]; *see Dalton v Educational Testing Serv.,* 294 AD2d 462, 463 [2002]; *Russell v Kraft, Inc.,* 284 AD2d 386 [2001]).

Under the circumstances of this case, the defendants failed to carry their prima facie burden of demonstrating their entitlement to summary judgment. Rather, issues of fact exist, inter alia, as to whether the defendants negligently failed to provide John Doe with the adequate supervision to which he was entitled and whether the criminal conduct in this case was foreseeable (*see Bell v Board of Educ. of City of N.Y.,* 90 NY2d 944 [1997]; *Garcia v City of New York,* 222 AD2d 192 [1996]). Prudenti, P.J., S. Miller, H. Miller and Adams, JJ., concur.