■ JOHN MENNERICH, Respondent-Appellant, v ANTHONY ESPOSITO, SR., et al., Defendants, and G.F. DICESARE BUILDING CONTRACTOR, INC., Appellant-Respondent. [772 NYS2d 91]—

In an action to recover damages for personal injuries, the defendant G.F. Dicesare Building Contractor, Inc., appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Orange County (McGuirk, J.), dated December 17, 2002, as denied those branches of its motion which were for summary judgment dismissing the causes of action predicated upon common-law negligence and Labor Law § 200, and (2) an order of the same court dated March 11, 2003, as granted the plaintiff's motion for leave to reargue and, upon reargument, reinstated the plaintiff's Labor Law § 241 (6) cause of action, and the plaintiff cross-appeals from so much of the order dated December 17, 2002, as granted that branch of the motion of the defendant G.F. Dicesare Building Contractor, Inc., which was for

summary judgment dismissing his Labor Law § 241 (6) cause of action.

Ordered that the cross appeal from the order dated December 17, 2002, is dismissed as academic in light of the order dated March 11, 2003; and it is further,

Ordered that the order dated December 17, 2002, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated March 11, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On December 8, 1999, the plaintiff, a laborer employed by a masonry contractor at a construction site, was injured when a rock fell from a nearby 15- to 20-foot-high pile of excavated material and struck him on the head as he worked in a trench. The rock became dislodged when an employee of G.F. Dicesare Building Contractor, Inc. (hereinafter Dicesare), the excavation contractor, operated a bulldozer on the top of the pile in order to move the excavated material away from the trench.

The plaintiff commenced this action against Dicesare, among others, alleging that its employee's affirmative act of negligence caused the accident, and asserting a common-law negligence claim for failure to provide a safe place to work, as well as claims alleging violations of Labor Law § § 200 and 241 (6). The Supreme Court denied those branches of Dicesare's motion which were for summary judgment dismissing the plaintiff's common-law negligence and Labor Law § 200 causes of action and granted the branch of the motion which was to dismiss the plaintiff's Labor Law § 241 (6) cause of action. Upon reargument, the Supreme Court reinstated the Labor Law § 241 (6) cause of action.

With respect to the plaintiff's common-law negligence claim, Dicesare failed to sustain its burden of demonstrating entitlement to judgment as a matter of law on the ground that its actions were not a proximate cause of the plaintiff's injuries (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Dalton v Educational Testing Serv., 294 AD2d 462, 463 [2002]). "As a general rule, a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's proof, but must affirmatively demonstrate the merit of its claim or defense" (Larkin Trucking Co. v Lisbon Tire Mart, 185 AD2d 614, 615 [1992]; Dalton v Educational Testing Serv., supra, at 463; Pace v International Bus. Mach. Corp., 248 AD2d 690, 691 [1998]). Because Dicesare did not address the issue of proximate

cause in its initial motion papers, and presented no evidence demonstrating that its employee did not dislodge the rock with his bulldozer, it is not entitled to judgment as a matter of law regardless of the adequacy of the plaintiff's submissions (*see Winegrad v New York Univ. Med. Ctr., supra; Greenberg v Manlon Realty,* 43 AD2d 968, 969 [1974]).

The Supreme Court also properly denied those branches of Dicesare's motion which were for summary judgment dismissing the plaintiff's Labor Law §§ 200 and 241 (6) claims. Dicesare failed to sustain its burden of establishing that it did not supervise or control the excavation and earth-moving work which caused the plaintiff's injury (*see Crespo v Triad, Inc.,* 294 AD2d 145, 146 [2002]; *Everitt v Nozkowski,* 285 AD2d 442, 443 [2001]; *Kim v Herbert Constr. Co.,* 275 AD2d 709, 713 [2000]). Nor did Dicesare sustain its burden of establishing that it was not a statutory agent of the owner of the construction site for purposes of Labor Law § 241 (6) (*see Russin v Picciano & Son,* 54 NY2d 311, 318 [1981]; *Everitt v Nozkowski, supra; see also Baum v Ciminelli-Cowper Co.,* 300 AD2d 1028, 1030 [2002]). Dicesare also failed to sustain its burden of establishing, as a matter of law, that the accident was due to the methods of work of the plaintiff's employer rather than the condition Dicesare created at the job site (*see Seaman v Chance Co.,* 197 AD2d 612, 613 [1993]), or that the danger which caused the accident, in this case, a rock embedded in a pile of material, was readily observable (*see Garcia v Silver Oak USA,* 298 AD2d 555, 555-556 [2002]; *cf. Gavigan v Bunkoff Gen. Contrs.,* 247 AD2d 750, 751 [1998]).

Moreover, in seeking summary dismissal of the plaintiff's Labor Law § 241 (6) claim, Dicesare improperly argued, for the first time in its reply papers, that the plaintiff did not articulate which provision of the Industrial Code Dicesare was alleged to have violated (*see Peterkin v City of New York,* 293 AD2d 244, 249 [2002]; *Johnston v Continental Broker-Dealer Corp.,* 287 AD2d 546 [2001]; *Chavez v Bancker Constr. Corp.,* 272 AD2d 429 [2000]). The Supreme Court providently granted reargument to permit the plaintiff to specify that Dicesare violated 12 NYCRR 23-4.2 (g), as previously alleged in his complaint and bill of particulars (*see Davis v Manitou Constr. Co.,* 299 AD2d 927, 928 [2002]; *cf. Gampietro v Lehrer McGovern Bovis,* 303 AD2d 996, 997 [2003]). Prudenti, P.J., Altman, Smith and Crane, JJ., concur.