■ LILIANA SOUTH et al., Respondents, v K-MART CORPORA-
TION, Defendant, and SERSONS CORPORATION et al., Appellants.
(And a Third-Party Action.) [807 NYS2d 133]—

In an action to recover damages for personal injuries, etc., the
defendants Sersons Corporation and Nathan L. Serota appeal
from so much of an order of the Supreme Court, Suffolk County
(Underwood, J.), entered December 29, 2004, as denied their
motion for summary judgment dismissing the complaint insofar
as asserted against them.

Ordered that the order is affirmed insofar as appealed from,
with costs.

The plaintiff Liliana South allegedly was injured when she
slipped and fell on a patch of ice in a shopping center parking
lot owned and managed, respectively, by the defendants Sersons
Corporation and Nathan L. Serota (hereinafter the appellants).
To prove a prima facie case of negligence in a case in which a
plaintiff slips and falls on snow or ice, the plaintiff must show
that the defendant had actual notice of the dangerous condition,
or should have had notice of it in the exercise of due care, and
had a reasonably sufficient time after the cessation of precipita-
tion, or onset of the temperature fluctuation which caused the
hazardous condition, to take corrective action (*see Bullard v
Pfohl's Tavern, Inc.*, 11 AD3d 1026 [2004]; *Gam v Pomona
Professional Condominium*, 291 AD2d 372 [2002]; *Pepito v City
of New York*, 262 AD2d 619 [1999]).

The appellants failed to sustain their burden in the first
instance of establishing, prima facie, their entitlement to judg-
ment as a matter of law (*see Winegrad v New York Univ. Med.
Ctr.*, 64 NY2d 851, 853 [1985]) on the issue of constructive no-
tice. This burden cannot be satisfied merely by pointing out
gaps in the plaintiffs' case, as the appellants did here (*see Men-
nerich v Esposito*, 4 AD3d 399 [2004]; *Katz v PRO Form Fitness*,
3 AD3d 474 [2004]; *Kucera v Waldbaums Supermarkets*, 304
AD2d 531, 532 [2003]; *Dalton v Educational Testing Serv.*, 294
AD2d 462, 463 [2002]). Since the appellants failed to satisfy
their burden of proof, it is unnecessary to analyze the suffi-
ciency of the plaintiffs' opposition (*see Winegrad v New York
Univ. Med. Ctr., supra*). Adams, J.P., S. Miller, Ritter and Rivera,
JJ., concur.