■ RENATA PAPPALARDO, Respondent, v LONG ISLAND RAIL ROAD COMPANY et al., Appellants. [829 NYS2d 173]—

In an action, inter alia, to recover damages for wrongful death pursuant to the Federal Employers' Liability Act (45 USC § 51 *et seq*.), the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated February 9, 2006, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, insofar as appealed from, with costs.

The plaintiff's decedent worked for the Long Island Rail Road Company (hereinafter the LIRR) from 1967 until his retirement in 1984. Several years after his retirement, the decedent was diagnosed with hepatitis C and cirrhosis of the liver. In 1998 he was diagnosed with liver cancer. In January of 2001, the decedent commenced this action pursuant to the Federal Employers' Liability Act (45 USC § 51 *et seq*.) (hereinafter FELA) against the LIRR and the Metropolitan Transportation Authority (hereinafter MTA). The decedent alleged that the defendants had failed to provide him with a safe place to work, and that his regular exposure to hazardous substances during the course of his employment was a proximate cause of his injuries. The decedent died in March of 2002. The complaint was subsequently amended to substitute the decedent's executrix as the plaintiff, and to add a cause of action to recover damages for wrongful death. After conducting certain disclosure, the defendants moved for summary judgment (1) dismissing the complaint insofar as asserted against the MTA on the ground that the LIRR, not the MTA, was the decedent's "employer" within the meaning of FELA, and (2) dismissing the complaint insofar as asserted against both of the defendants on the ground that the plaintiff would be unable to prove causation. The Supreme Court denied the motion. We affirm.

The defendants' argument that the MTA was not the decedent's employer within the meaning of FELA is based on Public Authorities Law § 1266. The defendants argue that the LIRR was a duly-formed subsidiary of the MTA under the statute and that, pursuant to subdivision (5), employees of a subsidiary are not to be deemed employees of the MTA (*see Noonan v Long Is. R.R.*, 158 AD2d 392 [1990]; *Schaefer v Long Is. R.R.*, 112 AD2d 153 [1985]). However, FELA wholly preempts state law remedies for railway employees injured in the course of employment when any part of that employment furthers interstate com-

merce, and the case law arising thereunder has adopted various federal common law tests for determining who is an "employer" for purposes of the statute (*see Kelley v Southern Pacific Co.*, 419 US 318, 324 [1974]; *Greene v Long Is. R. Co.*, 280 F3d 224 [2002], *cert denied* 538 US 1031 [2003]; *Warrington v Elgin, Joliet & E. Ry. Co.*, 901 F2d 88 [1990]; *Cruz v Long Is. R.R. Co.*, 22 AD3d 451 [2005]; *Rogers v Consolidated Rail Corp.*, 948 F2d 858 [1991]). Here, the MTA failed to address these tests and, therefore, failed to demonstrate, prima facie, that it was not an employer of the decedent within the meaning of FELA. Thus, summary judgment dismissing the complaint insofar as asserted against the MTA on that ground was properly denied regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

The Supreme Court also properly denied that branch of the motion which was for summary judgment dismissing the complaint as against both defendants on the ground that the plaintiff would be unable to prove causation. " 'As a general rule, a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's proof, but must affirmatively demonstrate the merit of its claim or defense' " (*Pace v International Bus. Mach. Corp.*, 248 AD2d 690, 691 [1998], quoting *George Larkin Trucking Co. v Lisbon Tire Mart*, 185 AD2d 614, 615 [1992]; *see also McArthur v Muhammad*, 27 AD3d 532 [2006]; *South v K-Mart Corp.*, 24 AD3d 748 [2005]). Otherwise, the defendants failed to demonstrate, prima facie, that the decedent was provided with a safe place to work, or that their alleged negligence was not a proximate cause of the damages sought. Thus, that branch of the motion was properly denied regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr., supra*). Schmidt, J.P., Ritter, Lunn and Covello, JJ., concur. [*See* 11 Misc 3d 744 (2006).]