In an action to recover damages for breach of contract, breach *725 of warranty, and fraudulent inducement, the defendant appeals from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered July 1, 2011, which denied its motion for summary judgment dismissing the cause of action to recover damages for fraudulent inducement, and, in effect, for summary judgment limiting the plaintiff’s right to recover damages for breach of contract and breach of warranty pursuant to the limitation of damages provisions contained in the parties’ contract.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant’s motion which was, in effect, for summary judgment limiting the plaintiffs right to recover damages for breach of contract and breach of warranty pursuant to the limitation of damages provisions contained in the parties’ contract, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff entered into a contract with the defendant to lease certain computer software and related services. The plaintiff commenced this action to recover damages for breach of contract, breach of warranty, and fraudulent inducement, alleging, among other things, that the software which the defendant exhibited at a pre-sale demonstration was different from the software delivered, and that the software failed to perform as promised. The defendant moved for summary judgment dismissing the cause of action to recover damages for fraudulent inducement, and, in effect, for summary judgment limiting the plaintiffs right to recover damages for breach of contract and breach of warranty pursuant to the limitation of damages provisions in the contract. The Supreme Court denied the defendant’s motion, and the defendant appeals. We modify.
The essential elements of a cause of action sounding in fraud are a misrepresentation or a material omission of fact which was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]; Channel Master Corp. v Aluminium Ltd. Sales, 4 NY2d 403, 406-407 [1958]; Deutsche Bank Natl. Trust Co. v Sinclair, 68 AD3d 914, 916 [2009]; Colasacco v Robert E. Lawrence Real Estate, 68 AD3d 706, 708 [2009]; Orlando v Kukielka, 40 AD3d 829, 831 [2007]; Brown v Lockwood, 76 AD2d 721, 730 [1980]). The defendant’s contention that the plaintiff cannot prove that the software exhibited at the demonstration was different from the software that was ultimately delivered *726 ignores the rule that “ ‘a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent’s proof, but must affirmatively demonstrate the merit of its claim or defense’ ” (Mennerich v Esposito, 4 AD3d 399, 400 [2004], quoting George Larkin Trucking Co. v Lisbon Tire Mart, 185 AD2d 614, 615 [1992]; see Fields v Village of Sag Harbor, 92 AD3d 718, 720 [2012]; Calderone v Town of Cortlandt, 15 AD3d 602, 602-603 [2005]). Accordingly, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for fraudulent inducement (cf. Fresh Direct v Blue Martini Software, 7 AD3d 487, 489 [2004]; RKB Enters. v Ernst & Young, 182 AD2d 971, 972 [1992]) and, thus, the Supreme Court properly denied that branch of the defendant’s motion which was for summary judgment dismissing that cause of action (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]).
However, the Supreme Court should have granted that branch of the defendant’s motion which was, in effect, for summary judgment limiting the plaintiff’s right to recover damages for breach of contract and breach of warranty. The defendant established, prima facie, that it is entitled to enforce two provisions in the parties’ contract limiting the plaintiffs right to recover damages for breach of contract and breach of warranty (see Metropolitan Life Ins. Co. v Noble Lowndes Intl., 84 NY2d 430, 436 [1994]). In opposition, the plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d at 562). Rivera, J.P., Balkin, Belen and Chambers, JJ., concur.