■ Carmine Montemarano, Jr., as Administrator of the Estate of Carmine Montemarano, Deceased, et al., Respondents, v Atlantic Express Transportation Group, Inc., et al., Defendants, and DaimlerChrysler AG et al., Appellants. [997 NYS2d 700]—

In an action to recover damages for personal injuries, etc., the defendants DaimlerChrysler AG, EvoBus GmbH, and Setra/ Kassbohrer of North America, Inc., appeal from an order of the Supreme Court, Richmond County (Fusco, J.), dated May 14, 2013, which denied their motion for summary judgment dismissing the amended complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiffs' decedent allegedly fell and sustained injuries while exiting the bathroom of a coach bus when the bus driver applied the brakes forcefully to avoid another vehicle. At his deposition, the decedent testified that he had been gripping a handle attached to the wall of the bus bathroom at that time, and that the handle had detached from the wall as he fell. The plaintiffs subsequently commenced this action alleging, inter alia, strict products liability. In a supplemental interrogatory response, they alleged, inter alia, design defects based upon the number, dimension, and angle of the screws attaching the handle to the bus bathroom wall.

To succeed on a motion for summary judgment involving a claim for strict products liability, a defendant must show, prima facie, that its product was not defective or that there were other causes of the accident not attributable to it (see Mincieli v Pequa Indus., Inc., 56 AD3d 627, 628 [2008]; Sabessar v Presto Sales & Serv., Inc., 45 AD3d 829 [2007]). If a defendant submits any evidence that the accident was not necessarily attributable to a defect, the plaintiff then must produce direct evidence of a defect (see Riglioni v Chambers Ford Tractor Sales, Inc., 36 AD3d 785 [2007]).

The Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against them on the ground that the plaintiffs would be unable to prove causation. " 'As a general rule, a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's

proof, but must affirmatively demonstrate the merit of its claim or defense' " (*Pace v International Bus. Mach. Corp.*, 248 AD2d 690, 691 [1998], quoting *George Larkin Trucking Co. v Lisbon Tire Mart*, 185 AD2d 614, 615 [1992]; *see Fotiou v Goodman*, 74 AD3d 1140, 1141 [2010]; *Vittorio v U-Haul Co.*, 52 AD3d 823 [2008]; *Velasquez v Gomez*, 44 AD3d 649, 650-651 [2007]; *Pappalardo v Long Is. R.R. Co.*, 36 AD3d 878, 880 [2007]). The appellants failed to demonstrate, prima facie, that the subject handle was not defectively manufactured or designed, or that a defect in the handle or the manner in which it was attached to the wall did not cause the decedent to fall.

Moreover, the Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against DaimlerChrysler AG (hereinafter DCAG) on the additional ground that it did not design, manufacture, sell, or distribute the subject motorcoach. The appellants failed to make a prima facie showing that DCAG was outside the manufacturing, selling, or distribution chain, as the affidavit they submitted in support of that branch of their motion was not from an officer or employee of DCAG with personal knowledge of the facts (*see* CPLR 3212 [b]; *cf. Pangallo v Mitsubishi Intl. Corp.*, 220 AD2d 650, 651 [1995]; *Smith v City of New York*, 133 AD2d 818, 819 [1987]).

As the appellants failed to meet their prima facie burden, we need not address the sufficiency of the plaintiffs' opposing papers (*see Vera v Soohoo*, 41 AD3d 586, 588 [2007]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Skelos, J.P., Dickerson, Chambers and Sgroi, JJ., concur.