■ GLEN RANNO, Plaintiff, v JOSEPH M. CANTOR et al., Respondents, and JAMES CINEVERT et al., Appellants. (And a Third-Party Action.) [9 NYS3d 586]—

In an action to recover damages for personal injuries and injury to property, the defendants James Cinevert and TF Victors Trucking appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), entered July 23, 2014, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

" 'As a general rule, a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's proof, but must affirmatively demonstrate the merit of its claim or defense' " (*Mennerich v Esposito*, 4 AD3d 399, 400 [2004], quoting *George Larkin Trucking Co. v Lisbon Tire Mart*, 185 AD2d 614, 615 [1992]; *see River Ridge Living Ctr., LLC v ADL Data Sys., Inc.*, 98 AD3d 724 [2012]; *Alizio v Feldman*, 82 AD3d 804, 804 [2011]).

Here, in support of their motion, the appellants merely pointed to gaps in their opponents' proof and failed to affirmatively establish, prima facie, that the defendant James Cinevert was not negligent in the operation of TF Victors Trucking's vehicle, or that such negligence was not a proximate cause of the accident (*see Velasquez v Gomez*, 44 AD3d 649, 650 [2007]). Cinevert had been precluded from testifying at trial based upon his failure to appear for examinations before trial, and the other parties presented conflicting evidence concerning the events leading up to the accident (*see generally Truckenmiller v Duran*, 125 AD3d 639 [2015]; *Matos v Tai*, 124 AD3d 848 [2015]; *Boulos v Lerner-Harrington*, 124 AD3d 709, 709-710 [2015]).

In light of the appellants' failure to meet their prima facie

burden, we need not review the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Eng, P.J., Hall, Cohen and Barros, JJ., concur.