■ RENEE LEE, Respondent, v MARY ROSIO et al., Appellants, et al., Defendants. [683 NYS2d 282] —In an action to recover damages for personal injuries, the defendants Mary Rosio and Salvatore Greco appeal from so much of an order of the Supreme Court, Queens County (Schmidt, J.), dated November 17, 1997, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The appellants moved for summary judgment contending that the plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d). The appellants established a prima facie case that the plaintiff did not sustain a serious injury by submitting the affirmation of a physician who found that the plaintiff was not suffering from any cervical or lumbar radiculopathy, radiculitis, sprain, or strain, and that the neurological examination was normal (*see, Gaddy v Eyler,* 79 NY2d 955; *Licari v Elliott,* 57 NY2d 230, 239).

Furthermore, the appellants established, prima facie, that the plaintiff had not sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident. The plaintiff admitted in her examination before trial that she only missed a week of work at her job as a medical assistant and was not limited in any way from any of her activities as a result of the injuries she allegedly sustained in this accident (*see, Howell v Williams,* 239 AD2d 558; *Rodriguez v Kwan Cheung Tsui,* 233 AD2d 382; *Letellier v Walker,* 222 AD2d 658). The plaintiff did not submit any evidence in opposition to the appellants' motion for summary judgment. Based on the foregoing, the appellants' motion should have been granted. Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.