■ Samuel Kaplan et al., Appellants, v Irina Gak, Also Known as Irena Gak, Also Known as Irema Gak, Respondent. [685 NYS2d 634] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated March 12, 1998, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff Samuel Kaplan did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the defendant's motion is denied, and the complaint is reinstated.

The plaintiff Samuel Kaplan was allegedly injured in a two-vehicle collision with the defendant. Kaplan's testimony at his examination before trial, *inter alia*, that he could not work for six months following the accident, that he was subsequently forced to retire, and that he can no longer play sports, combined with evidence that he suffers from disc herniations at L4-L5 and L5-S1, was sufficient to raise a triable issue of fact as to whether he suffered an injury which prevented him from performing his usual and customary daily activities for 90 of the first 180 days following the subject accident (*see, Adetunji v U-Haul Co.*, 250 AD2d 483; *Kim v Cohen*, 208 AD2d 807; *De Araujo v Stem Cab Corp.*, 207 AD2d 823). Although the defendant's expert concluded that the disc herniations resulted from a pre-existing degenerative condition, Kaplan's treating

physician concluded that they resulted from the underlying accident, thus raising an issue of credibility for the trier of fact. O'Brien, J. P., Ritter, Joy and Altman, JJ., concur.