■ VITO POLIZZI, Appellant, v WON JUN CHOI et al., Respondents. [695 NYS2d 402] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated July 6, 1998, which granted the defendants' respective motions for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motions are denied, and the complaint is reinstated.

In support of their respective motions for summary judgment, the defendants submitted, *inter alia*, the plaintiff's verified bill of particulars wherein the plaintiff claimed that, as a result of the accident, he was confined to bed and home and was absent from his place of employment for a 4½-month period of time after the accident. They also submitted the

testimony of the plaintiff's examination before trial that he missed over three months of work and received no-fault benefits, and the report of the plaintiff's treating chiropractor who examined him five days after the accident and found, *inter alia*, a 50% restriction on left rotation of the plaintiff's cervical spine. The defendants also submitted the affirmation of their physician who examined the plaintiff over four years after the accident and determined that the cervical and lumbar sprains had resolved.

The defendants' motion papers failed to make out a prima facie case that the plaintiff did not sustain a significant limitation of use of a body function or system or a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see,* Insurance Law § 5102 [d]; *Lee v Rosio,* 257 AD2d 561; *Howell v Williams,* 239 AD2d 558; *Rodriguez v Kwan Cheung Tsui,* 233 AD2d 382; *Letellier v Walker,* 222 AD2d 658).

The affidavit of the plaintiff's treating chiropractor submitted in opposition to the defendants' motions, which stated the degree of limitation of use of the plaintiff's cervical spine, its duration, and that it was causally related to the subject accident, underscored the defendants' failure of proof (*see, Belmonte v Collins,* 261 AD2d 496; *Blusiewicz v Comeau,* 212 AD2d 657). S. Miller, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.