■ IsMET ONDER et al., Appellants, v DIANE KAMINSKI, Respondent, et al., Defendant. [757 NYS2d 571] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated April 4, 2002, as granted the motion of the defendant Diane Kaminski for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff Ismet Onder did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant Diane Kaminski.

In support of their respective motions for summary judgment, the defendants submitted, inter alia, the plaintiffs' verified bill of particulars which alleged that the injured plaintiff was confined to his home and was unable to pursue his usual course of employment for approximately five months after the subject accident and received no-fault benefits and union benefits for lost wages. They also submitted the testimony of the injured plaintiff at his examination before trial that he

missed approximately five months of work. The verified bill of particulars further alleged that the injured plaintiff sustained a ragged laceration of the left brow and forehead, which required 24 sutures, and the injured plaintiff's testimony described the laceration as one inch in length. The defendant Diane Kaminski also submitted the affirmations of her physicians who examined the injured plaintiff one year after the accident and determined that his cervical and thoracolumbar sprains had resolved and that there was no neurological disability.

The defendants' motion papers failed to establish a prima facie case that the injured plaintiff did not sustain a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see* Insurance Law § 5102 [d]; *DeSimone v Mejia,* 283 AD2d 454 [2001]; *Polizzi v Won Jun Choi,* 264 AD2d 830 [1999]; *Lee v Rosio,* 257 AD2d 561 [1999]).

Furthermore, the defendants failed to make out a prima facie case that the injured plaintiff did not sustain a "significant disfigurement" (Insurance Law § 5102 (d); *see* O'Neill v O'Neill, 261 AD2d 459 [1999]; *Prieston v Massaro,* 107 AD2d 742 [1985]).

In view of the foregoing, the defendant Diane Kaminski failed to establish her entitlement to judgment as a matter of law. Accordingly, we need not consider the sufficiency of the plaintiffs' opposition papers (*see Chaplin v Taylor,* 273 AD2d 188 [2000]). Florio, J.P., S. Miller, Friedmann, Townes and Mastro, JJ., concur.