■ RICHARD H. PEPLOW, Appellant, v NADEGE MURAT, Respondent. [758 NYS2d 160] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated July 5, 2002, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The defendant failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). In support of his motion for summary judgment, the defendant submitted, inter alia, the plaintiff's verified bill of particulars which alleged that he did not return to work as a dump truck operator for over four months after the accident and that he received no-fault and workers' compensation benefits for loss of earnings. The defendant also submitted the affirmed medical report of his examining orthopedist, which was based on an examination of the plaintiff two years after the accident, and which stated that the plaintiff did not have a causally-related disability and was able to perform his normal activities without work restrictions.

The defendant's motion papers were insufficient to establish that the plaintiff did not sustain a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see Frier v Teague,* 288 AD2d 177 [2001]). Moreover, the plaintiff's affidavit and the affirmation of his treating osteopath submitted in opposition to the motion for summary judgment underscored the defendant's failure of proof (*see DeSimone v Mejia,* 283 AD2d 454 [2001]; *Polizzi v Won Jun Choi,* 264 AD2d 830 [1999]; *Kaplan v Gak,* 259 AD2d 736 [1999]; *Rodriguez v Chinatomby,* 208 AD2d 605 [1994]). Florio, J.P., S. Miller, Townes and Mastro, JJ., concur.