■ BARBARA BERKOWITZ, Appellant, v DECKER TRANSPORT CO. et al., Respondents. [774 NYS2d 164]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Jonas, J.), dated April 28, 2003, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court dated May 19, 2003, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the defendants' motion is denied, and the complaint is reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident. The orthopedist who examined the plaintiff on behalf of the defendants found that she has "75% of normal flexion, extension, lateral bending and rotation" of her cervical spine. The defendants failed to demonstrate that this limitation did not evidence a serious injury, did not disable the plaintiff for 90 out of the 180 days following the accident, or was not caused by the accident (*see Peplow v Murat,* 304 AD2d 633 [2003]; *Onder v Kaminski,* 303 AD2d 665, 666 [2003]). Because the defendants failed to meet their burden, the sufficiency of the plaintiff's opposition papers need not be considered (*see D'Angelo v Guerra,* 307 AD2d 306, 307 [2003]; *Ervin v Helfant,* 303 AD2d 716 [2003]; *Chaplin v Taylor,* 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437 [1996]).

Accordingly, the Supreme Court erred in granting the defendants' motion for summary judgment dismissing the complaint. Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.