■ JOHN WOLFF et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendant. [801 NYS2d 345]—

In an action to recover damages for personal injuries, etc., the defendants New York City Transit Authority and CAB Associates appeal from an order of the Supreme Court, Queens County (Durante, J.), dated September 26, 2003, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Here, the plaintiff John Wolff allegedly was

injured when he was struck by an unsecured door while standing in a temporary wooden structure constructed by the defendant CAB Associates (hereinafter CAB) for a construction project at a subway station of the defendant New York City Transit Authority (hereinafter the NYCTA). CAB and the NYCTA (hereinafter collectively the defendants) failed to make a prima facie showing that they neither created the allegedly dangerous condition nor had actual or constructive notice of it (*see Habura v Austin Drugs of E. Meadow*, 6 AD3d 660, 661 [2004]; *Bluman v Freeport Union Free School Dist.*, 5 AD3d 341, 342 [2004]; *Goldin v Riker*, 273 AD2d 197 [2000]). Although the defendants' submission identified gaps in the plaintiffs' proof, that was not sufficient to satisfy the defendants' burden in moving for summary judgment (*see Doe v Orange-Ulster Bd. of Coop. Educ. Servs.*, 4 AD3d 387 [2004]; *Larkin Trucking Co. v Lisbon Tire Mart*, 185 AD2d 614, 615 [1992]).

In light of the failure of the defendants' proof on the motion, it was unnecessary to address the plaintiffs' submission (*see Winegrad v New York Univ. Med. Ctr., supra*). However, we note that the plaintiffs' contention that a triable issue of fact exists as to whether the defendant NYCTA assumed a special duty to protect the injured plaintiff was not considered because it was improperly raised for the first time on appeal (*see DeLeon v New York City Tr. Auth.*, 5 AD3d 531, 532 [2004]; *Engel v Jacobs*, 297 AD2d 657, 658 [2002]). Adams, J.P., Krausman, Spolzino and Fisher, JJ., concur.