JULIANA RAMOS et al., Respondents, v MAC LAUNDRY HEMP, INC., Appellant, and ELM INDUSTRIAL REAL ESTATE CORP., Respondent, et al., Defendants. [803 NYS2d 165]—

In an action to recover damages for personal injuries, etc., the defendant Mac Laundry Hemp, Inc., appeals from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered November 24, 2004, as denied that branch of the cross motion made by it and the defendant Carvel Holding Corp. which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Juliana Ramos, a customer at the appellant's laundromat, allegedly was injured when the door of a washing machine spontaneously opened and hot water spilled onto her feet. She and her husband, suing derivatively, commenced this action alleging, inter alia, that the appellant was negligent in failing to inspect, maintain, and repair the washing machine. The appellant and the defendant Carvel Holding Corp. cross-moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against the appellant on the ground that it did not create or have notice of any defective or dangerous condition. The Supreme Court, inter alia, denied summary judgment to the appellant. We affirm.

The appellant was required to make a prima facie showing "to establish the absence of notice as a matter of law" (see Colt v Great Atl. & Pac. Tea Co., 209 AD2d 294, 295 [1994]; see Kucera v Waldbaums Supermarkets, 304 AD2d 531, 532 [2003]). The appellant cannot meet its burden by "pointing to gaps in its opponent's proof" (George Larkin Trucking Co. v Lisbon Tire Mart, 185 AD2d 614, 615 [1992]; see Dalton v Educational Testing Serv., 294 AD2d 462, 463 [2002]). Here, the appellant did not establish its entitlement to judgment as a matter of law since there was no proof that it lacked constructive notice of the alleged defect or dangerous condition (see Carrillo v PM Realty Group, 16 AD3d 611 [2005]). Since the appellant failed to meet its burden, the sufficiency of the plaintiffs' opposing papers need not be considered (see O'Leary v Bravo Hylan, LLC, 8 AD3d 542 [2004]; Berkowitz v Decker Transp. Co., 5 AD3d 712, 713 [2004]). Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.