■ Roy Forlong et al., Respondents, v Jamurath Faulton et al., Appellants. [814 NYS2d 530]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated September 28, 2005, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff Roy Forlong did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined that the defendants did not establish their prima facie entitlement to judgment as a matter of law, as they must do on their motion for summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). The defendants failed to demonstrate that the plaintiff Roy Forlong (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Hussain v Wang,* 18 AD3d 816, 817 [2005]). The defendants failed to demonstrate that the limitation of flexion and extension of the injured plaintiff's lumbar spine, as found by their examining orthopedist, did not evince a serious injury, or was not caused by the accident (*see Berkowitz v Decker Transp. Co.,* 5 AD3d 712, 713 [2004]; *Peplow v Murat,* 304 AD2d 633 [2003]; *Onder v*

*Kaminski,* 303 AD2d 665, 666 [2003]). In addition, the defendants' examining orthopedist did not compare the recorded range of motion with a normal range of motion (*see Kennedy v Brown,* 23 AD3d 625 [2005]; *Bent v Jackson,* 15 AD3d 46, 49 [2005]). Because the defendants failed to meet their burden, the sufficiency of the plaintiffs' opposition papers need not be considered (*see Kennedy v Brown, supra; Berkowitz v Decker Transp. Co., supra; D'Angelo v Guerra,* 307 AD2d 306, 307 [2003]; *Ervin v Helfant,* 303 AD2d 716 [2003]). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.