■ AGATHA BURNS, Appellant, v HANNAH STRANGER, Respondent. [819 NYS2d 60]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty III, J.), dated January 6, 2005, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The defendant failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmed medical report of the defendant's examining neurologist indicated the existence of limitations in the range of motion of the plaintiff's cervical spine in all directions, without rendering an opinion that such limitations were unrelated to the accident (*see Berkowitz v Decker Transp. Co.*, 5 AD3d 712 [2004]). Since the defendant failed to meet her initial burden of establishing a prima facie case, it is unnecessary to consider whether the plaintiff's papers in opposition to the defendant's motion were sufficient to raise a triable issue of fact (*see Rich-Wing v Baboolal*, 18 AD3d 726 [2005]; *Lesane v Tejada*, 15 AD3d 358 [2005]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Accordingly, the Supreme Court erred in granting the defendant's motion for summary judgment dismissing the complaint. Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.