SECOND DEPARTMENT, AUGUST, 2006

(August 1, 2006)

■ JOSEPH BONAVOGLIA, Respondent, v MANGAL SINGH, Defendant, and DEE's ASSOCIATED et al., Appellants. [820 NYS2d 517]—In an action to recover damages for personal injuries, the defendants Dee's Associated and William Despagna appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), dated August 15, 2005, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent.

Contrary to the appellants' contention, the Supreme Court properly denied their motion for summary judgment dismissing the complaint insofar as asserted against them since they failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]; Browdame v Candura, 25 AD3d 747 [2006]; Paulino v Dedios, 24 AD3d 741 [2005]; Kaminsky v Waldner, 19 AD3d 370 [2005]; Berkowitz v Decker Transp. Co., 5 AD3d 712 [2004]; Aronov v Leybovich, 3 AD3d 511 [2004]). Since the appellants failed to establish, prima facie, their entitlement to judgment as a matter of law, the sufficiency of the papers submitted in opposition to the motion need not be considered (see Coscia v 938 Trading Corp., 283 AD2d 538 [2001]). Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.