■ Beatriz Restrepo, Respondent, v Rockland Corporation, Appellant. [832 NYS2d 272]—

In a products liability action, inter alia, to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated January 3, 2006, as denied that branch of its motion which was for summary judgment dismissing the first and second causes of action based on negligent design or manufacture.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's causes of action based on negligent design or manufacture. As the court properly noted, these causes of action were not preempted by the Federal Insecticide, Fungicide, and Rodenticide Act, 7 USC § 136 *et seq.* (hereinafter FIFRA), as FIFRA only preempts state law causes of action based on inadequate labeling or a failure to warn (*see State of New York v Fermenta ASC Corp.*, 238 AD2d 400, 402 [1997]; *Warner v American Fluoride Corp.*, 204 AD2d 1, 5-7, 11-14 [1994]).

As to negligent design or manufacture, "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact . . . Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [citations omitted]). The defendant cannot meet its burden by pointing to gaps in its opponent's proof (*Ramos v Mac Laundry Hemp, Inc.*, 22 AD3d 822 [2005]; *Wolff v New York City Tr. Auth.*, 21 AD3d 956, 957 [2005]; *Mennerich v Esposito*, 4 AD3d 399, 400-401 [2004]; *Dalton v Educational Testing Serv.*, 294 AD2d 462, 463 [2002]). Here, the defendant never put forth any proof either that the decedent did not use the product, or that the product did not proximately cause his illness or death. Therefore, it failed to establish its prima facie entitlement to judgment as a matter of law, regardless of the sufficiency of the plaintiffs' opposing papers (*see Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437, 438 [1996]).

In light of this determination, the defendant's remaining contention need not be reached. Crane, J.P., Goldstein, Fisher and Lifson, JJ., concur.