■ CEASAR GONZALEZ et al., Respondents, v BEACON TERMINAL ASSOCIATES, L.P., et al., Appellants. [853 NYS2d 96]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated July 26, 2006, as denied those branches of their motion which were for summary judgment dismissing the fourth through eleventh causes of action and for summary judgment on their first through fifth counterclaims.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2001 the individual plaintiffs relocated to the Town of Beacon to enable the plaintiff Ceasar Gonzalez, a painter and general contractor, to perform renovation and other work on the defendants' properties in the area. The parties agreed that the individual plaintiffs had the right to reside in one of the defendants' properties, located on Wolcott Avenue, pursuant to a lease. This action arises from disputes over the work performed by the plaintiff Ceasar Gonzalez and two alleged agreements whereby the plaintiffs contend that the defendants agreed to sell them the property on Wolcott Avenue, and that the defendants, through their former executive vice-president Brian Quinn, invited them to participate in a joint venture to purchase a commercial property located on Main Street. The Supreme Court correctly concluded that the defendants failed to establish their entitlement to judgment as a matter of law and, therefore, were not entitled to summary judgment.

With respect to the plaintiffs' fourth and fifth causes of action seeking to recover monetary damages for the alleged value of improvements they made to the Wolcott Avenue property, the evidence submitted by the defendants was insufficient to demonstrate, prima facie, that the plaintiffs did not make the improvements to the property or that those improvements did not increase the property's value. A party does not establish its entitlement to summary judgment merely by pointing to gaps in the opponent's proof (see Restrepo v Rockland Corp., 38 AD3d 742, 743 [2007]; Ramos v Mac Laundry Hemp, Inc., 22 AD3d 822 [2005]; Wolff v New York City Tr. Auth., 21 AD3d 956, 957 [2005]). The Supreme Court therefore properly denied those branches of the defendants' motion which were for summary judgment dismissing the fourth and fifth causes of action, regardless of the sufficiency of the plaintiffs' opposition papers.

The Supreme Court also properly denied those branches of the defendants' motion which were for summary judgment dismissing the plaintiffs' sixth through eleventh causes of ac-

tion pertaining to an alleged joint venture agreement to purchase the Main Street property. The defendants failed to establish, as a matter of law, that Brian Quinn, their former executive vice-president, acted without express, implied, or apparent authority when he entered into the joint venture agreement on behalf of the defendants with the plaintiffs (*see Time Warner City Cable v Adelphi Univ.*, 27 AD3d 551, 552-553 [2006]; *Kaziu v Celluzziele LLC*, 303 AD2d 721 [2003]; *11 Duke St. v Ryman*, 280 AD2d 429 [2001]).

Although the defendants made a prima facie showing of entitlement to judgment as a matter of law with respect to their first three counterclaims to recover money damages for work the plaintiffs allegedly either failed to perform or performed improperly, the plaintiffs raised triable issues of fact in opposition as to the value and amount of work performed at the various properties owned by the defendants. Those branches of the defendants' motion which were for summary judgment on their fourth and fifth counterclaims to recover unpaid rent were properly denied as well, since the claims asserted in the counterclaims were so inextricably interwoven with the main claim as to preclude partial summary judgment with respect to the counterclaims (*cf. Created Gemstones v Union Carbide Corp.*, 47 NY2d 250, 254 [1979]). Spolzino, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.