■ AMIRA KHAMIS et al., Appellants, v CG FOODS, INC., Respondent. [856 NYS2d 132]—

The infant plaintiff allegedly sustained personal injuries when she fell through an open cellar door, in the sidewalk, leading to

the basement of the store owned by the defendant. The doors allegedly were flat on the ground, in the open position, without any safety or cautionary devices such as cones, tape, or other barricades around the opening. "A property owner may be held liable for a dangerous or defective condition on the property if the owner created the condition or had actual or constructive notice of it" (*Enamorado v KHR Holding Co., LLC*, 24 AD3d 411, 412 [2005]; *see Ogletree v Rush Realty Assoc., LLC*, 29 AD3d 875 [2006]).

The defendant, as the proponent of the motion for summary judgment, had the initial burden of establishing its prima facie entitlement to judgment as a matter of law by tendering proof, in admissible form, sufficient to demonstrate the absence of any material issue of fact (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Carbone v Lakeside Mkt. Deli & Pizza, Inc.*, 47 AD3d 744 [2008]; *Xu v 688 Sixth Ave. Realty Co.*, 19 AD3d 687 [2005]). The defendant failed to make a prima facie showing that it neither created nor had actual or constructive notice of the allegedly dangerous condition (*see Soto-Lopez v Board of Mgrs. of Crescent Tower Condominium*, 44 AD3d 846 [2007]; *Marshall v Jeffrey Mgt. Corp.*, 35 AD3d 399 [2006]; *Bosman v Reckson FS Ltd. Partnership*, 15 AD3d 517 [2005]).

As the defendant failed to make the prima facie showing necessary for an award of summary judgment, it is unnecessary to consider the adequacy of the plaintiffs' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Restrepo v Rockland Corp.*, 38 AD3d 742 [2007]; *Wolff v New York City Tr. Auth.*, 21 AD3d 956 [2005]). Spolzino, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.