In an action to recover damages for personal injuries, the plaintiff Rose Rogers appeals, as limited by her brief, from so much of an amended order of the Supreme Court, Nassau County (Spinola, J.), dated March 13, 2009, as granted that branch of the motion of the defendant Victor E Cunneen, and that branch of the cross motion of the defendant Edna M. Jackson, which were for summary judgment dismissing the complaint insofar as asserted by her on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and the defendant Victor E Cunneen cross-appeals, as limited by his brief, from so much of the same amended order as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him by the plaintiff Etta Louise Ballard on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the amended order is reversed insofar as appealed from, that branch of the motion of the defendant Victor E Cunneen, and that branch of the cross motion of the defendant Edna M. Jackson, which were for summary judgment dismissing the complaint insofar as asserted by the plaintiff Rose Rogers are denied; and it is further,
Ordered that the amended order is affirmed insofar as cross-appealed from; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs.
On the afternoon of November 13, 2005, the plaintiffs were passengers in a motor vehicle operated by the defendant Edna M. Jackson, when it collided with a motor vehicle operated by the defendant Victor E Cunneen, on Jericho Turnpike. After issue was joined, Cunneen moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d), and Jackson cross-moved for summary judgment dismissing the complaint of Rogers, in reliance on the contentions and medical evidence which Cunneen presented in support of his motion. Cunneen failed to meet his prima facie burden of showing that Ballard did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v *1038 Eyler, 79 NY2d 955, 956-957 [1992]). In support of the motion, Cunneen relied upon, inter alia, the affirmed medical report of Dr. David Benatar, who was Cunneen’s examining orthopedist. Dr. Benatar examined Ballard on February 26, 2008, more than two years after the accident. On that date, he performed various range-of-motion testing on Ballard, including cervical spine and thoracolumbar spine testing. According to Dr. Benatar’s own findings, during this examination, he noted significant limitations in range of motion in those regions of Ballard’s spine (see Chang Ai Chung v Levy, 66 AD3d 946 [2009]).
In addition, Cunneen’s motion papers never addressed the claim clearly set forth by Ballard in her verified bill of particulars that she sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. The accident occurred on November 13, 2005, and Cunneen’s physicians conducted their independent examinations on Ballard in February 2008, more than two years later. Neither of Cunneen’s experts related their findings to this category of serious injury for the period of time immediately following the accident (see Sayers v Hot, 23 AD3d 453 [2005]).
Furthermore, the defendants failed to make out a prima facie case that Rogers did not sustain a “significant disfigurement” as a result of the subject motor vehicle accident (Insurance Law § 5102 [d]; see Onder v Kaminski, 303 AD2d 665, 666 [2003]).
In view of the foregoing, Cunneen failed to establish his entitlement to judgment as a matter of law with respect to both plaintiffs, and Jackson failed to establish her entitlement to judgment as a matter of law with respect to Rogers. Accordingly, we need not consider the sufficiency of the plaintiffs’ opposition papers (see Onder v Kaminski, 303 AD2d at 666). Covello, J.P., Santucci, Balkin and Austin, JJ., concur.