■ MYNOR FOLGAR, Respondent, v VERMEER MANUFACTURING COMPANY, Respondent, and TAYLOR RENTAL, Appellant, et al., Defendant. (And a Third-Party Action.) [933 NYS2d 878]—

The defendant Taylor Rental failed to establish its prima facie entitlement to judgment as a matter of law by showing that it was not negligent in renting an allegedly defective stump grinder to the plaintiff's employer (*see Martin v Hacker*, 83 NY2d 1, 9 n 1 [1993]; *Haight v Banner Metals*, 300 AD2d 356 [2002]; *Johnson v Johnson Chem. Co.*, 183 AD2d 64, 69 [1992]). Furthermore, Taylor Rental failed to establish its entitlement to judgment as a matter of law based on a lack of proximate cause, since it did not prove that the plaintiff did not use the allegedly defective stump grinder on the date of the accident (*see Restrepo v Rockland Corp.*, 38 AD3d 742 [2007]).

Furthermore, Taylor Rental failed to establish its entitlement to judgment as a matter of law on its cross claim for indemnification against Vermeer Manufacturing Company (hereinafter Vermeer) (*see Gilbert v Kingsbrook Jewish Ctr.*, 4 AD3d 392, 393

[2004]). Therefore, the Supreme Court properly denied those branches of Taylor Rental's cross motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it by Vermeer, and for summary judgment on the cross claim against Vermeer. Rivera, J.P., Leventhal, Belen and Roman, JJ., concur.