—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Rebolini, J.), entered April 4, 2012, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is denied.
A property owner has an obligation to maintain his or her property in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241 [1976]). To be entitled to summary judgment in a slip-and-fall action, “a defendant is required to show, prima facie, that it maintained its premises in a reasonably safe condition and that it did not have notice of or create a dangerous condition that posed a foreseeable risk of injury to persons expected to be on the premises” (Cassone v State of New York, 85 AD3d 837, 838 [2011]; see Gradwohl v Stop & Shop Supermarket Co., LLC, 70 AD3d 634, 636 [2010]).
Here, the defendant’s submissions failed to eliminate all tri *904 able issues of fact so as to establish, prima facie, his entitlement to judgment as a matter of law (see Lessey v New York City Tr. Auth., 53 AD3d 569, 570 [2008]; Khamis v CG Foods, Inc., 49 AD3d 606, 607 [2008]; cf. Rovegno v Church of Assumption, 268 AD2d 576, 576-577 [2000]). Since the defendant failed to satisfy his initial burden of proof, it is unnecessary to analyze the sufficiency of the plaintiffs’ opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Accordingly, the defendant’s motion for summary judgment should have been denied. Rivera, J.E, Leventhal, Austin and Miller, JJ., concur.