Redgrave Elec. Maintenance, Inc. v Capital One, N.A. (2018 NY Slip Op 03163)





Redgrave Elec. Maintenance, Inc. v Capital One, N.A.


2018 NY Slip Op 03163


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-01729
 (Index No. 600433/16)

[*1]Redgrave Electrical Maintenance, Inc., respondent,
v
Capital One, N.A., appellant, et al., defendant.


Lazer Aptheker Rosella & Yedid, P.C., Melville, NY (Joseph C. Savino of counsel), for appellant.
Aidala, Bertune & Kamins, P.C., Brooklyn, NY (Abigail B. Schuster of counsel),
for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant Capital One, N.A., appeals from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered January 26, 2017. The order, insofar as appealed from, denied that branch of its motion which was for summary judgment dismissing the cause of action alleging negligence and negligent misappropriation insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, Redgrave Electrical Maintenance Inc., maintained a checking account with the defendant Capital One, N.A. (hereinafter Capital One). According to the plaintiff, in or about February 2014, it learned that between the dates of July 22, 2013, and January 21, 2014, its bookkeeper, the defendant Joanne Estrada, had forged the signature of one of the plaintiff's authorized signers on more than 20 checks that Estrada made payable to herself, and were drawn on funds in the plaintiff's Capital One checking account. The checks, totaling $84,389.36, were honored by Capital One.
In June 2016, the plaintiff commenced this action to recover damages based on, inter alia, Capital One's negligence and negligent misappropriation in its payment of the forged checks. Capital One moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied that branch of Capital One's motion which was for summary judgment dismissing the cause of action alleging negligence and negligent misappropriation insofar as asserted against it. We affirm.
Under article 4 of the UCC, with regard to repeated forgeries by the same wrongdoer, the customer's failure to exercise reasonable care and promptness in examining its bank statements and to timely notify the bank of the forgeries in accordance with UCC 4-406(2)(b) generally will result in the customer being precluded from asserting claims against the bank in connection with the loss associated with any such forgeries (see Monreal v Fleet Bank, 95 NY2d 204, 207; Putnam Rolling Ladder Co. v Manufacturers Hanover Trust Co., 74 NY2d 340, 345). However, the loss of [*2]repeated forgeries may be shifted back to the bank in the circumstance where the bank failed to use ordinary care in paying the forged checks (see UCC 4-406[3]; Putnam Rolling Ladder Co. v Manufacturers Hanover Trust Co., 74 NY2d at 345-346). With regard to the issue of ordinary care, UCC 4-103(3) provides that "in the absence of special instructions, action or non-action consistent with clearing house rules and the like or with a general banking usage not disapproved by this Article, prima facie constitutes the exercise of ordinary care." Thus, under this "safe harbor" provision, a bank can ensure that its conduct at least prima facie meets an ordinary care standard, by showing that it acted in accordance with general banking rules or practices (see UCC 4-103[3]; Putnam Rolling Ladder Co. v Manufacturers Hanover Trust Co., 74 NY2d at 347). However, it is the bank, as the party that benefits from the "safe harbor" provision, that bears the burden of proving general clearing house rules or general banking usage in order to establish ordinary care (see Putnam Rolling Ladder Co. v Manufacturers Hanover Trust Co., 74 NY2d at 347).
Here, in moving for summary judgment, Capital One established, and it is not disputed by the plaintiff, that the plaintiff failed to exercise reasonable care and promptness to examine its bank statements and to timely notify the bank of the checks allegedly forged by Estrada (see UCC 4-406[2][b]; Monreal v Fleet Bank, 95 NY2d at 207).
However, Capital One did not meet its burden of showing that it acted in accordance with general banking rules or general clearing house rules, and therefore, it failed to demonstrate prima facie that it exercised ordinary care in paying the forged checks (see Putnam Rolling Ladder Com. v Manufacturers Hanover Trust Co., 74 NY2d at 347). Capital One's submissions failed to provide any evidentiary basis that its processing of the forged checks comported with general banking usage. The affidavit of Capital One's Branch Manager II contained nothing more than self-serving, general, conclusory statements that the check processing system utilized by Capital One is generally accepted within the banking industry as a secure and reliable form of processing checks, and that the software program that it used for random check verification is common throughout the banking industry. In addition, the affiant, the branch manager of the relevant Capital One branch, failed to provide a basis for her knowledge of industry practices and standards. Hence, Capital One's submissions were insufficient to prove that it acted in accordance with general banking rules or practices.
Capital One's submissions having been insufficient to demonstrate its entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Blackwell v Mikevin Mgt. III, LLC, 88 AD3d 836, 837; Restrepo v Rockland Corp., 38 AD3d 742, 743; New York Presbyt. Hosp. v Allstate Ins. Co., 29 AD3d 547, 548).
Capital One's remaining contention is improperly raised for the first time on appeal and, in any event, need not be considered in light of our determination.
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to deny that branch of Capital One's motion which was for summary judgment dismissing the cause of action alleging negligence and negligent misappropriation insofar as asserted against it.
SCHEINKMAN, P.J., DILLON, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court