Manton v Lape (2019 NY Slip Op 04374)





Manton v Lape


2019 NY Slip Op 04374


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-13273
 (Index No. 7259/13)

[*1]William J. Manton, et al., appellants,
v
Irene B. Lape, et al., respondents.


Munawar & Andrews-Santillo, LLP, Mineola, NY (Larry I. Badash of counsel), for appellants.
Sette & Apoznanski (Russo & Tambasco, Melville, NY [Susan J. Mitola and Gerard Ferrara], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered November 22, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff William J. Manton did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiffs commenced this action, inter alia, to recover damages for personal injuries allegedly sustained by the plaintiff William J. Manton (hereinafter the injured plaintiff) in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the motion, and the plaintiffs appeal.
The defendants failed to meet their prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants failed to submit competent medical evidence establishing, prima facie, that the injured plaintiff did not sustain a serious injury to his right shoulder under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d), as their expert found significant limitations in the range of motion of that shoulder (see Mercado v Mendoza, 133 AD3d 833, 834; Miller v Bratsilova, 118 AD3d 761). Further, the defendants failed to establish, prima facie, that the alleged injury to the injured plaintiff's right shoulder was not caused by the subject accident (see Forlong v Faulton, 29 AD3d 856, 856). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the plaintiffs' submissions in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d 969, 969).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., DILLON, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court