S.P. v Town of Babylon (2020 NY Slip Op 07206)





S.P. v Town of Babylon


2020 NY Slip Op 07206


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2019-02028
 (Index No. 9706/15)

[*1]S. P., etc., et al., appellants,
v
Town of Babylon, respondent.


John L. Juliano, P.C., East Northport, NY, for appellants.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Stuart P. Besen and Lynsay A. Dyszler of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated November 19, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The infant plaintiff was nine years old when she fell from a climbing rock in a playground located in the Town of Babylon and fractured her right leg. The infant plaintiff, by her father and natural guardian, and her father suing derivatively, commenced this personal injury action against the Town, alleging, inter alia, that the surface on which the infant plaintiff fell was in disrepair. The Town moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiffs appeal.
The Town failed to make a prima facie showing of its entitlement to judgment as a matter of law dismissing the complaint, since it failed to submit evidence that the playground was maintained in a safe condition, and its submissions indicated that there were triable issues of fact as to whether the playground surface was in disrepair, and whether the surface was a proximate cause of the infant plaintiff's injuries (see J.R. v City of New York, 170 AD3d 1211, 1212). Rather, on its motion, the Town merely pointed to purported gaps in the plaintiffs' evidence, which failed to satisfy its burden on the motion (see Velasquez v Gomez, 44 AD3d 649; Ramos v Mac Laundry Hemp, Inc., 22 AD3d 822).
The Town also failed to establish its prima facie entitlement to judgment as a matter of law based upon the doctrine of primary assumption of risk, since the alleged defects may have unreasonably enhanced the risks involved (see J.R. v City of New York, 170 AD3d at 1213; Stillman v Mobile Mtn., Inc., 166 AD3d 1580).
Since the Town failed to establish its prima facie entitlement to summary judgment, the Supreme Court should have denied its motion regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court