■ HIGEN ASSOCIATES et al., Respondents, v SERGE ELEVATOR Co., INC., Appellant.—In an action to recover damages for breach of contract, the defendant appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Richmond County (Cusick, J.), dated December 19, 1990, which, inter alia, (1) denied that branch of its motion which was for summary judgment on various of its counterclaims, (2) denied that branch of its motion which was to preclude the plaintiffs from offering any evidence at a trial as to those items for which a bill of particulars had been demanded but not furnished, and (3) granted that branch of the plaintiffs' cross motion which was to direct the defendant to comply with various discovery requests.

Ordered that the order is affirmed insofar as appealed from, with costs.

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case * * * Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" *(Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *see also, Narcisco v Ford Motor Co.,* 137 AD2d 508).

The defendant did not meet its burden of establishing its entitlement to summary judgment on its counterclaims. The "documentary proof" submitted by the defendant is numerous pages of an assortment of items, including invoices, copies of adding machine tapes, copies of checks, copies of payment stubs, credit approvals, ledgers, and work proposals. It is far from clear, however, that this confusing melange of paper establishes the defendant's right to summary judgment. To the contrary, those documents are disorderly and largely incomprehensible. Accordingly, the defendant was not entitled to summary judgment on its counterclaims.

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.