(March 29, 1993)

■ DOROTHY AGGERUP, Respondent, v WILLIAMSBURG SAVINGS BANK, INC., Appellant, and ANTONIO TREGLIA, Respondent. [596 NYS2d 717] —In an action to recover damages for personal injuries, the defendant Williamsburg Savings Bank, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated December 27, 1990, as denied its motion for summary judgment dismissing the complaint and cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiff-respondent.

It is well settled that "in a motion for summary judgment, the moving party has the burden of setting forth evidentiary facts to establish his cause sufficiently to entitle him to judgment as a matter of law [and] anything else requires a denial of the motion even where the opposing papers are insufficient" *(County Oil Co. v Bayview Owners Corp.,* 181 AD2d 809; *see also, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Higen Assocs. v Serge El. Co.,* 190 AD2d 712). Upon our review of the record, we find that the defendant bank failed to meet its initial burden of establishing its entitlement to judgment as a matter of law. Accordingly, the Supreme Court properly denied the bank's motion for summary judgment. Bracken, J. P., Balletta, Eiber and Santucci, JJ., concur.