(January 31, 1994)

■ Avon Electrical Supplies, Inc., Respondent, v Baywood Electric Corporation, Defendant, and Canteen Company, Doing Business as Volume Services, Appellant. [607 NYS2d 356] —In an action to recover damages for goods sold and delivered, the defendant Canteen Company appeals, as limited by its brief, from an order of the Supreme Court, Suffolk County

(Jones, J.), entered July 25, 1991, which denied its motion for summary judgment dismissing the complaint or, in the alternative, to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff Avon Electrical Supplies, Inc. (hereinafter Avon) is an electrical parts wholesaler. The defendant Baywood Electric Corporation (hereinafter Baywood) is an electrical contractor which did work for the defendant Canteen Company (hereinafter Canteen) on a renovation project at a restaurant owned and operated by Canteen. As part of this project Avon supplied to Baywood on credit a certain item known as a "battery inverter" (hereinafter the inverter). Avon alleges, and Canteen does not deny, that the inverter was not supplied until Avon was assured that Canteen had specifically promised to make an additional payment to cover the cost of the item.

On the record before us we cannot determine whether this promise was made by Canteen directly to Avon, or whether it was relayed to Avon by Baywood during a telephone conversation which may or may not have involved all three parties simultaneously. In any event, Canteen later contended that the cost of the inverter should have been included in the original contract price it agreed to pay Baywood for the project. Thus, Canteen never made any additional payment for the inverter to either Avon or to Baywood.

It is well settled that "[i]n a motion for summary judgment, the moving party has the burden of setting forth evidentiary facts to establish [its] cause [of action] sufficiently to entitle [it] to judgment as a matter of law [and] anything [less] requires a denial of the motion even where the opposing papers are insufficient" *(County Oil Co. v Bayview Owners Corp.,* 181 AD2d 809; *see also, Aggerup v Williamsburg Sav. Bank,* 191 AD2d 665; *Higen Assocs. v Serge El. Co.,* 190 AD2d 712). Moreover, the evidence must be viewed in the light most favorable to the party opposing the motion *(see, Robinson v Strong Mem. Hosp.,* 98 AD2d 976).

Applying these principles to the case at bar, we conclude that Canteen has not met its burden of establishing its entitlement to summary judgment. The circumstances under which Canteen allegedly agreed to pay for the inverter may imply that all parties contemplated that Canteen would make an additional payment in order to compensate Avon for the item.

Such a scenario raises factual issues concerning whether or not a quasi-contract arose, which cannot be determined upon the conflicting affidavits of opposing counsel *(see, Spartan Concrete Corp. v Harbour Val. Homes,* 71 AD2d 950). Nor can it be determined at this stage of the proceedings whether and to what extent Canteen may have been unjustly enriched by the placement of the inverter on its premises *(see, Westinghouse Elec. Supply Co. v Brosseau & Co.,* 156 AD2d 851; *Schuler-Hass Elec. Corp. v Wager Constr. Corp.,* 57 AD2d 707, 708; *cf., Sybelle Carpet & Linoleum v East End Collaborative,* 167 AD2d 535).

Accordingly, the Supreme Court properly denied Canteen's motion for summary judgment and for the alternative relief of dismissal for failure to state a cause of action. Mangano, P. J., Balletta, Santucci and Hart, JJ., concur.