2978 Gas Corp. v United Fleet, Inc. (2021 NY Slip Op 04959)





2978 Gas Corp. v United Fleet, Inc.


2021 NY Slip Op 04959


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2011-00788
 (Index No. 28013/07)

[*1]2978 Gas Corp., appellant, 
v
United Fleet, Inc., et al., respondents.


Marylou Paolucci & Associates, P.C., Smithtown, NY, for appellant.
Hartmann, Doherty, Rosa, Berman & Bulbulia, LLC, New York, NY (Paul S. Doherty and Anthony J. Cincotta of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover payment for goods sold and delivered, the plaintiff appeals from an order of the Supreme Court, Kings County (David I. Schmidt, J.), dated November 23, 2010. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the complaint and dismissing the affirmative defenses and counterclaims.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action seeking to recover the sum of $104,558.55 for gasoline it allegedly sold to the defendants, bus fleet operators, for which payment was allegedly demanded but never made. The complaint asserted, inter alia, causes of action to recover payment for goods sold and delivered, to recover on an account stated, and to recover damages for unjust enrichment. The defendants answered and asserted affirmative defenses sounding in, inter alia, fraud, and asserted counterclaims alleging fraudulent overcharge and deceptive business acts. Specifically, the defendants alleged that an undercover investigation revealed that the plaintiff had overcharged the defendants for gasoline through a variety of deceptive practices, such as not resetting the pump meters prior to pumping gasoline for the defendants' buses and providing duplicate receipts to the defendants' drivers without explanation.
The plaintiff moved for summary judgment on its complaint and dismissing the defendants' affirmative defenses and counterclaims. The Supreme Court denied the motion, and the plaintiff appeals. We affirm.
The plaintiff failed to meet its prima facie burden for summary judgment on the cause of action to recover payment for goods sold and received, as the proof submitted in support of its motion raised triable issues of fact as to whether the defendants were charged for fuel that was not delivered and whether they notified the plaintiff of the alleged overcharges within a reasonable time of the plaintiff's purported presentation of bills for the gasoline purchases at issue (see UCC 2-607[3][a]; cf. Suraleb, Inc. v International Trade Club, Inc., 13 AD3d 612, 613). For similar reasons, the plaintiff failed to meet its prima facie burden on the cause of action to recover on an account stated (see Legum v Ruthen, 211 AD2d 701). Given the conflicting evidence as to whether the plaintiff engaged in a scheme to overcharge the defendants for fuel, the plaintiff failed to [*2]establish that the defendants were unjustly enriched (see Avon Elec. Supplies v Baywood Elec. Corp., 200 AD2d 697, 699). Additionally, the plaintiff failed to meet its prima facie burden for summary judgment dismissing the defendants' affirmative defenses and counterclaims (see Zuckerman v City of New York, 49 NY2d 557, 562). Accordingly, the plaintiff's motion was properly denied without regard to the sufficiency of the defendants' papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court