Golub v Shalik Morris & Co., LLP (2022 NY Slip Op 03888)

Golub v Shalik Morris & Co., LLP

2022 NY Slip Op 03888

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2020-00662
 (Index Nos. 606868/16, 604827/16)

[*1]Aaron Richard Golub, appellant,
v
Shalik Morris & Company, LLP, respondent. (Action No. 1)
Shalik Morris & Company, LLP, respondent,
v
Aaron Richard Golub, Esquire, P.C., et al., appellants. (Action No. 2)

Nehemiah S. Glanc, New York, NY, for appellant in Action No. 1 and appellants in Action No. 2.
David Bolton, P.C., Garden City, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to compel the return of accounting records and files (Action No. 1), the counterclaims of which were joined for trial with a related action to recover accounting fees (Action No. 2), the plaintiff in Action No. 1 and the defendants in Action No. 2 appeal from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered November 6, 2019. The order denied those parties' motion, in effect, for summary judgment dismissing the counterclaims in Action No. 1 and the causes of action in Action No. 2, and on the affirmative defense of accounting malpractice asserted with respect to the counterclaims in Action No. 1 and the causes of action in Action No. 2.
ORDERED that the order is affirmed, with costs.
In May 2016, Aaron Richard Golub commenced an action in the Supreme Court, New York County, against the accounting firm of Shalik, Morris & Company, LLP (hereinafter the Shalik firm), seeking, among other things, the return of his accounting records and files (hereinafter Action No. 1). The Shalik firm answered and interposed counterclaims against Golub sounding in breach of contract and quantum meruit. Golub served a reply asserting affirmative defenses alleging, inter alia, accounting malpractice.
In June 2016, the Shalik firm commenced an action in the Supreme Court, Nassau County, against Golub's companies, Aaron Richard Golub, Esquire, P.C., and Sunset Boulevard Films, Ltd. (hereinafter together the Golub companies), alleging causes of action sounding in breach of contract and quantum meruit (hereinafter Action No. 2). The Golub companies answered and asserted affirmative defenses alleging, among other things, accounting malpractice. The counterclaims in Action No. 1 were severed and were later joined for trial with Action No. 2 in the Supreme Court, Nassau County.
In June 2019, Golub and the Golub companies moved in both actions, in effect, for summary judgment (1) dismissing the Shalik firm's causes of action and counterclaims asserted against them, and (2) on their affirmative defenses alleging accounting malpractice. The Supreme Court denied the motion, and Golub and the Golub companies appeal. We affirm.
Golub and the Golub companies failed to establish their prima facie entitlement to judgment as a matter of law dismissing the breach of contract and quantum meruit causes of action and counterclaims to recover payment for accounting services rendered. The evidence submitted in support of their motion failed to eliminate triable issues of fact as to whether the parties had agreed upon a flat fee arrangement as contended by Golub and the Golub companies (see 2978 Gas Corp. v United Fleet, Inc., 197 AD3d 1138, 1139; see generally Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 482). Additionally, they failed to establish, prima facie, their entitlement to judgment as a matter of law on their affirmative defenses alleging accounting malpractice (see Zuckerman v City of New York, 49 NY2d 557, 562; Alskom Realty, LLC v Baranik, 189 AD3d 745). Accordingly, Golub and the Golub companies' motion was properly denied without regard to the sufficiency of the Shalik firm's papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; 2978 Gas Corp. v United Fleet, Inc., 197 AD3d at 1140).
MILLER, J.P., MALTESE, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court