Williams v Potenza, LLC (2025 NY Slip Op 04273)

Williams v Potenza, LLC

2025 NY Slip Op 04273

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-01914
 (Index No. 608775/21)

[*1]Hilroy R. Williams, respondent,
v
Potenza, LLC, etc., et al., appellants.

Kreinces & Rosenberg, P.C., Westbury, NY (Leonard Kreinces of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for conversion and trespass to chattel, the defendants appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered January 25, 2024. The order granted the plaintiff's motion for summary judgment on the complaint and dismissing the defendants' affirmative defenses and denied the defendants' cross-motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting the plaintiff's motion for summary judgment on the complaint and dismissing the defendants' affirmative defenses, and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof denying those branches of the defendants' cross-motion which were pursuant to CPLR 3211(a) to dismiss the first, second, third, fifth, seventh, and eighth causes of action, and substituting therefor a provision granting those branches of the cross-motion; as so modified, the order is affirmed, without costs or disbursements.
In September 2018, nonparty Sonya Smith executed a promissory note in favor of the defendant Potenza, LLC (hereinafter the LLC), secured by a vehicle. Thereafter, the LLC's lien was recorded with the New York State Department of Motor Vehicles (hereinafter the 2018 lien). In 2019, the vehicle apparently was impounded by the Nassau County Police Department and thereafter sold at auction. In April 2021, the plaintiff purchased the vehicle from a dealer, financed by a loan from Bethpage Credit Union (hereinafter Bethpage). Thereafter, the plaintiff received a bill of sale, naming him as the purchaser, and a certificate of title, naming him as owner and Bethpage as the sole lienholder. On or about June 8, 2021, the vehicle was repossessed by the LLC, which refused to return the vehicle to the plaintiff.
In July 2021, the plaintiff commenced this action against the defendants asserting causes of action for a declaratory judgment and for an award of attorneys' fees and to recover damages for fraud, conversion, fraudulent misrepresentation, trespass to chattel, theft by deception, and tortious interference with contract. On August 24, 2021, the vehicle was returned to the plaintiff and thereafter sold. In May 2023, the plaintiff moved for summary judgment on the complaint and dismissing the defendants' affirmative defenses. The defendants opposed the plaintiff's motion and cross-moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. By order entered January 25, 2024, the Supreme Court granted the plaintiff's motion and denied the defendants' cross-motion. The defendants appeal.
"In order to succeed on a cause of action to recover damages for conversion, a plaintiff must show (1) legal ownership or an immediate right of possession to a specific identifiable thing and (2) that the defendant exercises an unauthorized dominion over the thing in question to the exclusion of the plaintiff's right" (Giardini v Settanni, 159 AD3d 874, 875). "For a cause of action for trespass to chattels, [a] plaintiff [is] required to establish that [the] defendants intentionally, and without justification or consent, . . . physically interfere[d] with the use and enjoyment of personal property in [the plaintiff's] possession" (Jackie's Enters., Inc. v Belleville, 165 AD3d 1567, 1572 [internal quotation marks omitted]).
The plaintiff established, prima facie, his entitlement to judgment as a matter of law on the fourth and sixth causes of action, which, respectively, sought to recover damages for conversion and trespass to chattel. In support of his motion, the plaintiff submitted, inter alia, an affidavit establishing that he was the owner of the vehicle, that the defendants took the vehicle, and that the defendants refused to return the vehicle to him upon his demand (see Miller v Marchuska, 31 AD3d 949, 950). In opposition, the defendants raised a triable issue of fact based upon the 2018 lien. Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the fourth and sixth causes of action.
The Supreme Court should have granted that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action, which sought a declaratory judgment, as academic, as the plaintiff sold the vehicle.
The Supreme Court should have granted that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action, which sought an award of attorneys' fees, because the plaintiff cited no statute or contract provision that entitled him to an award of attorneys' fees (see Krasnow v Catania, 219 AD3d 1324, 1326; Levine v Infidelity, Inc., 2 AD3d 691, 692). To the extent that the court concluded that the plaintiff was entitled to an award of attorneys' fees pursuant to 22 NYCRR 130-1.1, such an award was improper as the defendants were not "afforded a reasonable opportunity to be heard" before sanctions were imposed (Kamen v Diaz-Kamen, 40 AD3d 937, 937).
The Supreme Court should have granted those branches of the defendants' cross-motion which were pursuant to CPLR 3211(a)(7) to dismiss the third and fifth causes of action, which, respectively, sought to recover damages for fraud and fraudulent misrepresentation, because the plaintiff failed to allege any misrepresentation made by the defendants on which he reasonably relied (see Nabatkhorian v Nabatkhorian, 127 AD3d 1043, 1044).
The Supreme Court should also have granted that branch of the defendants' cross- motion which was pursuant to CPLR 3211(a)(7) to dismiss the seventh cause of action, which sought to recover damages for theft by deception, as duplicative of the fourth cause of action, which sought to recover damages for conversion.
Additionally, the Supreme Court should have granted that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a)(7) to dismiss the eighth cause of action, which sought to recover damages for tortious interference with contract. "To state a cause of action alleging tortious interference with contract, the plaintiff must allege: the existence of a valid contract between it and a third party, the defendant's knowledge of that contract, the defendant's intentional procurement of the third party's breach of that contract without justification, and damages" (Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d 1035, 1036). Here, there was no allegation that the defendants knew about a contract between the plaintiff and Bethpage nor was there an allegation of a breach of the contract between the plaintiff and Bethpage.
The plaintiff failed to meet his burden of establishing his prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defenses (see 2978 Gas Corp. v United Fleet, Inc., 197 AD3d 1138, 1139). Accordingly, the Supreme Court should have denied that branch of his motion which was for summary judgment dismissing the defendants' affirmative defenses.
The defendants' remaining contention is without merit.
CONNOLLY, J.P., GENOVESI, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court